## ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY v. W. C. HOOSER.

### . Decided November 17, 1906. .

**1.—Juror—Challenge for Cause.**

When it appears, upon examination of a juror on voir dire in a suit against a railroad company, that said juror was prejudiced against railways to the extent that he was fearful he could not help being influenced by it in considering a verdict, a challenge for cause by the railroad should have been sustained, and the verdict being against the challenging party, injury will be presumed. '

**2.—Prima Facie Case—Rebuttal—Burden of Proof.**

The burden of proof does not shift from the plaintiff to the defendant, but always remains with plaintiff, and when the plaintiff has made out his case it devolves upon the defendant to rebut such case, but this burden does not go to the extent of requiring the defendant to establish a rebuttal by a preponderance of evidence. ·

**3.—Burned Cotton—Interest on Value—Pleading.**

In a suit for the value of cotton burned by a railroad locomotive, interest is not recoverable eo nomine unless prayed for, but the jury may allow interest as part of the damages.

Appeal from the District Court of Grayson County. Tried below before the Hon. B. L. Jones.

*C. H. Yoakum* and *Head, Dillard & Head,* for appellant.—Where a juror shows that he has a prejudice against a class of litigants or a character of litigation, and one of the litigants in the case which he is empaneled to try belongs to that class, or the litigation is of that character, especially when he states that his prejudice may influence his verdict, he shows such bias in the suit as to disqualify him as a juror, even though he state that in the particular case he can render an impartial verdict. Galveston, H. & S. A. Ry. v. Manns, 84 S. W. Rep., 254; Couts v. Neer, 70 Texas, 473; Naylor v. Metropolitan St. Ry., 71 Pac. Rep., 835; Quill v. Southern Pacific Co., 73 Pac. Rep., 991; Lawlor v. Linforth, 13 Pac. Rep., 496; Lombardi v. California St. Ry., 57 Pac. Rep., 66.

While, when it is shown that the fire originates from sparks emitted from defendant's engine, a prima facie case of negligence is made, and the court may so instruct the jury and tell them to find for plaintiff unless this evidence is rebutted, the burden of proof never shifts, and the action of the court in placing upon defendant the burden of exculpating himself by a preponderance of the evidence from the prima facie case of negligence made against him by the communication of the fire, is error. St. Louis S. W. Ry. v. Moss, 84 S. W. Rep., 281; Highland v. Houston, E. & W. T. Ry., 65 S. W. Rep., 649; Gulf, C. & S. F. Ry. v. Johnson, 92 Texas, 591.

The plaintiff having failed to plead the loss of interest as damages, or to pray for it, the court could not peremptorily instruct the jury to allow such interest. Texas & Pac. Ry. v. Scott, 86 S. W. Rep., 1065.

*Randell & Wood,* for appellee.—The juror, Carter, was not disqualified from sitting on the jury in this case. If he was disqualified, appel-

lant suffered no injury by reason thereof, and can't complain of the action of the court in overruling its challenge for cause. Houston & T. C. Ry. v. Terrell, 69 Texas, 650; Snow v. Star, 75 Texas, 414; Wolf v. Perryman, 82 Texas, 115.

The amount claimed in the petition is more than the amount recovered; interest was properly chargeable as part of appellee's damage. San Antonio & A. P. Ry. v. Addison, 96 Texas, 64.

RAINEY, CHIEF JUSTICE.—This suit was brought by appellee, of the Indian Territory, to recover of appellant the sum of $1,500, the value of certain cotton alleged to have been burned at Troy, Indian Territory, by sparks emitted from defendant's engine. A trial resulted in a verdict for plaintiff and the defendant appeals.

The first assignment is: "The court erred in not sustaining the challenge for cause of defendant to the juror, Carter, and in forcing defendant to use a peremptory challenge to strike said Carter from the panel."

The cause for challenge shown by defendant's bill of exceptions is as follows: "Be it remembered that on the trial of this cause, after counsel on both sides had announced ready for trial, that there were twenty-five jurors in the box from which they should select the jury, and that a list with twenty-five names on it was presented to each counsel. Among others in the panel was Charles Carter, whose name stood twelfth on said list. On his voir dire said Carter was asked if he had had any trouble with the railways. He stated that he had. He was then asked if he had any prejudice or feeling against them. He stated that he had. He was then asked by defendant's counsel if such feeling or prejudice would influence him in his verdict in this case. He said that he could not say that it would not. He was then asked by counsel for plaintiff, if, notwithstanding such feeling, he believed he could give to the railway company in this case a fair and impartial trial. He stated that he believed he could, but he would rather not sit on the case. He was then further asked by plaintiff's counsel if such feeling would influence him and he said that he could not say it would, but he believed he could give the railway company a fair trial. He was then asked by counsel for defendant if he would say that such feeling would not influence him in the trial of this case, and he answered, 'I would rather not sit in the case, it might influence me some.' The juror was thereupon challenged by defendant for cause, but the challenge was overruled by the court, and the said Carter was left on the panel. On said panel there were seven names which were objectionable to defendant, and all of which names defendant would have struck, if it had been allowed so many challenges and one of the names was said Carter. The twenty-fifth name on the list was not objectionable to defendant and if the court had sustained the challenge of defendant said name would have been reached. Defendant struck these names from its list and among others the name of said Carter, but there was still left on the jury one juror who was objectionable to defendant and whom defendant would have stricken off, but that it exhausted its entire six challenges and had to use one in striking said Carter from said list.

"This bill is allowed with the following qualifications: That the

juror Carter also stated in substance that the trouble he had had with the railroads was with the Houston & Texas Central Railroad Company and in response to questions by plaintiff's attorney the juror stated that he had never had any trouble with the defendant railway; that he could give said railway a fair and impartial trial; but he would rather not sit on the jury."

The law contemplates that parties to litigation can try their case before a jury that is impartial and free from bias in favor of or prejudice against either party. The bill of exceptions, we think, shows that the juror was prejudiced against railways to the extent that he was fearful he could not help being influenced by it in considering a verdict. Being in this condition he was disqualified to sit in the case and the court erred in not sustaining the challenge for cause. (Galveston, H. & S. A. Ry. Co. v. Manns, 84 S. W. Rep., 254; Couts v. Neer, 70 Texas, 473.)

Appellee contends that no injury resulted to defendant by the failure of the court to sustain the challenge for cause. We do not agree with this contention. The bill of exceptions shows that defendant exhausted all of its challenges, one of which was expended on the said juror, which compelled it to accept a juror it would have stricken from the list. The right of peremptory challenge is given that objectionable jurors, who are not subject to challenge for cause, may be excluded, and when the court fails to sustain a challenge for good cause injury will be presumed where an objectionable juror is forced to be accepted.

The court gave the jury the following instruction: "The burden of proof is on the plaintiff to show by a preponderance of the evidence, by which is meant the greater weight and degree of credible testimony, the facts which will entitle him to recover. But in this connection you are instructed that if you believe from a preponderance of the evidence that plaintiff's said cotton was set on fire by a spark or a cinder from one of defendant's engines, then the burden is on the defendant to show by a preponderance of the evidence that it exercised ordinary care to provide said locomotive with the best approved appliances for preventing the escape of fire therefrom; and that its employes in charge of said engine at said time exercised ordinary care in the operation of said engine to prevent the escape of fire therefrom. You are the exclusive judges of the facts proved, of the credibility of the witnesses, and the weight to be given the testimony, but the law you will receive from the court and be governed thereby." Appellant complains of that part of said instruction which tells the jury, in effect, that if they believe that sparks from defendant's engine set fire to plaintiff's cotton he would be entitled to recover, unless defendant should show by a *preponderance of the evidence* that it exercised ordinary care to provide said locomotive with the best approved appliances for preventing the escape of fire, etc.

The rule in this class of cases is, that when plaintiff proves that sparks from a railroad locomotive sets fire to his property, it makes a prima facie case, and it then devolves upon the railroad to rebut such *prima facie* case, and unless it does rebut the plaintiff's case, plaintiff is entitled to recover without further proof. The burden of proof does not shift from the plaintiff to the defendant, but always remains with

him, and when plaintiff has made out his case it devolves upon the defendant to rebut such case, but this burden does not go to the extent of requiring the defendant to establish a rebuttal by a preponderance of evidence. The charge of the court was erroneous in requiring from the railroad company a preponderance of the evidence to rebut plaintiff's case. (St. Louis S. W. Ry. v. Moss, 84 S. W. Rep., 281; Highland v. Houston, E. & W. T. Ry. Co., 65 S. W. Rep., 649; Gulf, C. & S. F. Ry. Co. v. Johnson, 92 Texas, 596.)

The court erred in instructing the jury to find interest on the value of the cotton destroyed. There was no prayer by plaintiff for interest and interest is not recoverable *eo nomine* on the value of the property destroyed as in this case. The jury may allow interest on such sum as damages, provided in allowing it the verdict does not exceed the amount of damages claimed. (San Antonio & A. P. Ry. Co. v. Addison, 96 Texas, 61.)

The judgment is reversed and cause remanded.

*Reversed and remanded.*