## FORT WORTH & D. C. RY. CO. v. AMASON et al. (No. 2273.)*

(Court of Civil Appeals of Texas. Amarillo. Feb. 20, 1924. Rehearing Denied March 26, 1924.)

1. **Appeal and error ⚌1062(2)—Failure to submit issue whether lack of ordinary care in operation of engine was proximate cause of grass fire held not affirmative error.**

In an action against a railroad for causing a fire, it was proper for the court to have submitted the issue whether the railroad used ordinary care in the operation of its engines, and whether the want of such care was the direct and proximate cause of the fire, but the failure to submit it was not affirmative error.

2. **Trial ⚌351(2)—Issues must be tendered in writing.**

Requested issues must be tendered in writing.

3. **Trial ⚌351(2)—Issue tendered as to whether failure of defendant to use ordinary care in operation of its engines was proximate cause of fire held not to require court to submit issue thereon.**

Tender of an issue whether the failure of the defendant railroad to use ordinary care in the operation of its engines was the proximate cause of a grass fire, which issue, as tendered to the court, was hedged in by other instructions and split issues upon the negligence of defendant in the operation of its 200 engines and separately presented, *held* insufficient to require the trial court to submit a proper issue thereon.

4. **Trial ⚌351(2)—When requested issues are sufficient to require court to submit proper issue thereon.**

Where a number of issues are requested and are on one paper, ordinarily they will not support an assignment of error based on their refusal, but, if such issues were duly pleaded and the issue called attention to an affirmative defense, even though defective, it will require the court to submit a proper issue.

5. **Negligence ⚌138(2)—Instruction required as to burden of proof.**

Where plaintiff pleads and relies on specific acts of negligence, it is proper, when the case is submitted upon special issues, to instruct the jury that the burden is on plaintiff to establish the acts of negligence charged by a preponderance of the evidence, which is subject to rebuttal by defendant, who may prove that there is no liability on its party, and upon such issues it is proper to instruct that the burden is upon defendant.

6. **Railroads ⚌485(3)—Instruction requiring respective parties to prove specific issues relied on held not erroneous.**

In an action for damages from a fire set by a railroad engine, an instruction which placed the burden on plaintiff to establish the affirmative of such issues as were relied upon by him, by a preponderance of the evidence, and which placed the burden on defendant to establish the affirmative of such issues as were relied upon by it, was not erroneous, and could not mislead the jury, since the duty of establishing each specific issue submitted to the jury was placed upon the party relying thereon.

Appeal from District Court, Hartley County; Reese Tatum, Judge.

Action by L. L. Amason and others against the Fort Worth & Denver City Railway Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Thompson, Barwise & Wharton, of Fort Worth, and Tatum & Strong, of Dalhart, for appellant.

Bailey & Richards, of Dalhart, for appellees.

RANDOLPH, J. This is the third time that this case has been before this court. The published opinions on former appeals will be found in 239 S. W. 359, and 249 S. W. 1090.

Appellant has assigned many errors on which the former opinions, above referred to, held against its contentions, and we will therefore discuss only such assignments as present questions that have not heretofore been decided in this case, and that are of such consequence as to be material.

The trial court submitted to the jury issue No. 1, "Did the defendant's locomotive engines 153 and 302, or either of them, set fire to the grass on plaintiff's land on or about the 14th day of March, 1920?" and instructed them to answer this "Yes" or "No," and further that, if they should answer, "Yes," they were then to answer the following issues, among them being No. 2, "Did the defendant use ordinary care in operating the locomotive engine that set fire to the plaintiff's grass?" and for the jury to answer this "Yes" or "No."

This court on a former appeal held that it was proper to submit the case by this method, and that in keeping with article 1985 of the Revised Civil Statutes of Texas, providing that "the special verdict must find the facts established by the evidence, and not the evidence by which they are established," the trial court could have submitted the issue to the jury by asking if the defendant used ordinary care to operate the engine or engines that set out the fire. 249 S. W. 1091.

Appellant now insists that, even if the defendant did not use ordinary care in the operation of its engines, such want of care in so operating same must have been the direct and proximate cause of said fire being set out, and that this issue was not submitted to the jury in the general charge.

[1-4] It was proper for the trial court to have submitted this issue to the jury, but the failure to submit it was not affirmative error, and it is required that appellant should

---

have tendered such issue in writing. Was such issue tendered the trial court in such connection? The appellant tendered the following, denominated "Special issue No. 10.":

"(a) Was the fire which consumed plaintiff's grass, as alleged in plaintiff's petition, set out by sparks emitted from engine No. 153 on March 14, 1920, at th time and place as alleged in plaintiff's petition? You will answer this question yes or no—if you answer, 'Yes,' then you will answer the following questions, but, if you answer, 'No,' you will go no further with this question.

"(b) Was the defendant negligent in the construction of engine No. 153? You will answer 'Yes' or 'No.'

"(c) Was the defendant negligent in the operation of engine No. 153 at the time and place in question? You will answer this 'Yes' or 'No.'

"(d) If you have answered in response to a portion of the preceding questions that sparks did escape from engine No. 153 and set fire to plaintiff's grass as alleged, then you will answer the following: Was the escape of said sparks from said engine due to the negligence of the defendant in the construction of said engine? You will answer this 'Yes' or 'No.'

"(e) If you answer either of the foregoing subdivisions (d) or (e) in the affirmative, then you will answer the following question: Was the damage, if any, to the plaintiffs the direct and proximate cause of the sparks being negligently emitted from engine No. 153, and setting fire to plaintiffs' grass?"

Substantially this was repeated in defendant's issue No. 11, as applied to engine No. 302.

We do not see how the damage could be the direct and proximate cause of sparks being negligently emitted from an engine, but, for the purpose of this discussion, if we should hold that it did properly present an issue as to the direct and proximate cause of the damage, we will determine whether or not, even then, the issue was properly tendered.

The rule is that, where a number of issues are requested and are on one paper, ordinarily they will not support an assignment based on their refusal, but, if the issues so presented were duly pleaded by the party, and the issue called attention to an affirmative defense, even though defective, it will be sufficient to require the court to submit a proper issue thereon. Texas Refining Co. v. Alexander (Tex. Civ. App.) 202 S. W. 134.

This issue, as tendered to the court, is hedged in by other instructions and split issues upon the negligence of the defendant in the operation of the 200 engines, and separately presented. The issue tendered should have been in response to the case as a whole, as submitted to the jury, and should not have been submitted to the jury, and should not have attempted to split the question of negligent operation requiring a separate finding as to each engine.

Error is assigned upon the trial court's charge upon the burden of proof. The trial court charges the jury that:

"You are instructed that the burden of proof is on the plaintiff to establish the affirmatives of issues Nos. 1, 5, 6, 7, and 8 by a preponderance of the evidence, and the burden of proof is on the defendant to establish the affirmative of issues 2, 3, and 4."

This is charged to be erroneous, for the reason that plaintiff had pleaded special acts of negligence, that is, that defendant's engines were defectively constructed and equipped and negligently handled, and that, due to said acts of negligence, sparks were emitted from said engines and set fire to plaintiffs' grass, and, having alleged said acts of negligence, the burden is upon the plaintiffs to establish same, and, as submitted in the court's charge, a greater burden is placed upon the defendant than is placed upon it by law.

[5] On the whole case the burden of proof is upon the plaintiff, and in giving a general charge the court should so instruct the jury, but, where a case is submitted upon special issues, it is proper, where the plaintiff pleads and relies upon specific acts of negligence, to instruct the jury that as to those acts of negligence so charged the burden is upon the plaintiff to establish them by a preponderance of the evidence. The establishment of such issues by the plaintiff is subject to rebuttal by the defendant, who may prove that, by reason of certain exceptions, there is no liability on its part, and upon those exceptions issues should be submitted to the jury, and it is proper to instruct the jury that the burden is upon the defendant.

The Dallas Court of Civil Appeals, in the case of St. Louis & S. F. Ry. Co. v. Hooser, 44 Tex. Civ. App. 229, 97 S. W. 708, holds as follows:

"The burden of proof does not shift from the plaintiff to the defendant, but always remains with him, and when plaintiff has made out his case it devolves upon the defendant to rebut such case, but this burden does not go to the extent of requiring the defendant to establish a rebuttal by a preponderance of evidence."

[6] Under the issues submitted in this case the jury is instructed that the burden is upon the plaintiff to establish the affirmative of such issues as are relied upon by him; when this is done it devolves upon the trial court to render such judgment as is warranted by such issues and answers thereto, unless the defendant has pleaded and proved those defensive issues upon which it relies, and upon which the burden is upon the defendant to establish. In the submission of those specific issues the jury could not have been misled, for the duty of establishing each is placed upon the party relying thereon; upon the plaintiff the duty is placed of establishing the issues relied upon by him by

a preponderance of the evidence; upon the defendant the burden is placed as to such issues, but not by a preponderance of the evidence, and such findings have no relation, one to the other, as between the parties.

In the case of Railway Co. v. Starks (Tex. Civ. App.) 109 S. W. 1004, where a charge placed upon the defendant the burden of proving its defenses by a preponderance of the evidence, the court held that too great a burden was thereby placed upon defendant, and says:

"While it is true, when it is shown that the damage has been caused by fire emanating from a railroad locomotive, that in order to relieve itself from liability therefor the company must show that it has exercised ordinary care in providing the proper equipment for its engines and in keeping them in good condition, and that the engines at the time the fire was communicated were operated in an ordinarily prudent and careful manner, still it is not required that this proof should be made by a preponderance of the evidence. It is sufficient if it be done by evidence of equal weight with that which grows out of the presumption of negligence which the law implies ·by proof of the origin of the fire, and other evidence offered by plaintiff. The rule which has been adopted by the Supreme Court in this character of cases is one of evidence only, and is not intended to shift the general burden imposed upon the plaintiff to the defendant."

We therefore overrule all assignments of error, and affirm the judgment of the trial court.