## THOMPSON et al. v. SHIFFLETT.
### (No. 2411.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 31, 1924.)

**1. Schools and school districts ⬥138—Failure of teacher to appeal to state board of education held to preclude action against school district and school directors officially.**

On failure of teacher to appeal to state board of education in controversy with school directors as to teacher's contract, court has no jurisdiction of action against school district and against directors officially.

**2. Schools and school districts ⬥62—Failure of teacher to appeal to state board of education held not to prevent jurisdiction of suit against directors individually.**

Failure of teacher to appeal to state board of education in dispute over teacher's contract did not prevent courts having jurisdiction of action against directors personally.

**3. Schools and school districts ⬥62—Alleged lack of personality no defense to action against directors individually for misrepresenting to plaintiff that she was employed as teacher.**

In action against school directors individually for representing to plaintiff that she had been employed as teacher and refusal to employ her, defense alleging refusal to employ her because of lack of personality was not sufficient.

**4. Fraud ⬥4—Fraud arises from acts which mislead, though not originating in evil design.**

Fraud in law arises from such acts as, though not originating in any evil design or contrivance to perpetrate positive fraud, from tendency to deceive and mislead are equally reprehensible with positive fraud.

**5. Fraud ⬥13(2)—Party making false representations liable, regardless of his knowledge of falsity.**

Where affirmative representations are made and designed to be acted upon by another who acts upon them, believing them true, when they are in fact false, party making such representations is liable for consequences thereof, regardless of question of his knowledge of their falsity or intent to deceive.

**6. Trial ⬥365(1)—Plaintiff teacher declaring on express contract held not to have recovered on quantum meruit in view of special findings.**

In action by teacher against school district and directors individually for refusal to employ her to teach school according to their representations, in which plaintiff declared on express contract with alternative plea that if contract was not binding on school district that directors should be held liable, and jury answered special issue as to plaintiff's damages, recovery was not on quantum meruit.

**7. Trial ⬥205—Not always necessary to instruct that burden of proof is on plaintiff.**

Burden of proof is on plaintiff, but it is not always necessary to instruct jury to that effect; propriety of such instruction depending on state of evidence.

**8. Trial ⬥215—Charge that burden of proof is on party asserting affirmative of issue to establish such issue held correct.**

Where case is submitted on special issues and defendant presents affirmative defense raising issues not raised in petition and general denial, charge that burden of proof is on party asserting affirmative of issue to establish such issue is correct.

**9. Evidence ⬥596(1)—Defendant not required to support issue presenting affirmative defense by preponderance of testimony.**

Defendant is not required to support any issue presenting affirmative defense to plaintiff's case by preponderance of testimony.

**10. Trial ⬥237(1)—Charging merely that burden of proof was on party asserting affirmative of issue to establish contentions by preponderance of evidence held error, in view of contentions of defendant.**

In action by school-teacher against directors individually for false representations as to hiring her to teach school, burden of proof was upon plaintiff to establish affirmative of every issue submitted to jury necessary to recovery, and, in view of contentions of defendant, charging merely that burden was on party asserting affirmative of issue to establish his contentions by preponderance of evidence, *held* error.

Appeal from Collingsworth County Court; Jas. C. Mahan, Special Judge.

Action by Judie Shifflett against G. M. Thompson and others. From judgment for plaintiff, defendants appeal. Reversed and remanded.

C. C. Small, of Wellington, for appellants.
Cocke & Gribble, of Wellington, for appellee.

RANDOLPH, J. This suit was instituted by Miss Judie Shifflett, as plaintiff, against common school district No. 2 in Collingsworth county, Tex., of which district A. O. Sweat, J. R. Waller, and G. M. Thompson are the acting and qualified trustees, and

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

against said Sweat, Waller, and Thompson individually, alleging that the plaintiff is duly qualified to teach in the public free schools of Texas; that in July, 1923, at the instance and request of the said defendants, she made her application to said trustees to teach in the public free school of said common school district No. 2, and thereafter, on or about August 4, 1923, she was duly and legally elected as such teacher in said school for a term of seven months at a salary of $85 per month, and notified the trustees of her acceptance thereof; that said contract was duly made as alleged, in writing, and thereafter the same was in due season recognized and approved by the county superintendent of schools for Collingsworth county; that in addition to such salary, she was to be furnished a room in which to reside while teaching said school; that relying upon such contract and agreement had and entered into with defendants, she made her arrangements to come to Collingsworth county to teach in said school, and to carry out said contract, and did come to said county to comply with said contract, and relying upon said contract, she declined to accept other employment for the school term of 1923–24, and presented herself to said trustees, ready, willing, and able to comply with her contract of employment; that on or about September 25, 1923, she was notified by said trustees that she would not be permitted to teach, and was, without cause, discharged and refused an opportunity to fulfill her said contract, and that such trustees thereby breached the same, to her damage in the sum of $595. Further, plaintiff alleges:

"That if for any reason said contract was not binding upon the defendant school district, then the defendants Sweat, Waller, and Thompson are liable to plaintiff for her damages in the sum above alleged by reason of having entered into said contract with plaintiff, and by reason of her relying thereon in good faith was unable to procure employment elsewhere, and she says that she is entitled to recover of and from said defendants jointly and severally her damages as aforesaid."

Plaintiff also alleges that all of said matters have been duly and legally presented to the trustees, the county superintendent, state superintendent of public instruction, and the state board of education, and therefore this court has authority to hear and determine the rights of the parties herein. Plaintiff prays for judgment against said district, and in the alternative that she have judgment for her damages against defendants Sweat, Waller, and Thompson individually.

Defendant district excepts generally, and also specially excepts to plaintiff's allegations of expense incurred in going to Collingsworth county, and her refusal of other employment, that they form no part of her cause of action, are prejudicial, and should be stricken out, and also denies generally the plaintiff's allegations in her petition.

Defendant Sweat did not answer. Defendants Waller and Thompson filed a general exception, and also special exception upon same grounds as the defendant district, and on other grounds, not here material, also denies generally and specially, setting out reasons for the failure and refusal to employ plaintiff, and expressly denying plaintiff's employment.

The evidence introduced on the hearing of the case is substantially to the following effect: One teacher employed by the trustees of the school district had resigned, and the question of employing a substitute came before the trustees. Sweat, one of the trustees, mentioned the plaintiff to the other two trustees; the plaintiff having taught his children some years before. He was asked how old she was, and says he told them she was about 45 years old and would not be running around with the boys. Sweat and his son testified that the other trustees, Thompson and Waller, instructed him to write and tell plaintiff to come on. He then wrote her the following letter:

"Aberdeen, Tex., July 16, 1923.

"Miss Judie Shifflett—Dear Friend: We held our board meeting, and decided on your application. School will start about Nov. 1. You will be teacher in the primary department, which includes the third grade. We have a three teachers school. Now about what you have to furnish, that will be left to you and the other lady teacher. If you come to Wellington, the other teacher live close to Mrs. Payne, and you can get well acquainted with her.

"Yours cordially,          A. O. Sweat."

Upon receipt of this letter, Miss Shifflett on July 24, 1923, wrote to Sweat from Krum, Tex., acknowledging receipt of his letter, and informed him that she would try to get to Wellington about September 1, 1923, and in the month of August she went to Wellington preparatory to teaching the school at Aberdeen, the place where the school for said district was located. Some few days after her arrival in Wellington, she secured a blank contract, filled it in, and mailed it to Sweat. She was then informed by Sweat that the board would meet on a given date in the county superintendent's office, at which time she went to such office, but did not see any member of the board. On or about September 25th she received a letter from Sweat stating that the board of trustees had decided not to appoint her on account of her age, 55 years, physical defect (loss of an eye by accident), and alleged lack of personality. She then went out to Aberdeen and saw Thompson and Waller. They both refused to employ her and stated that they had not agreed to employ her, and both refused to sign her contract; that there was

no complaint against her as a teacher; that her health was good, and she testified that she ·was ready, able, and willing to teach the school.

It appears from the evidence that Miss Shifflett never had a written contract signed by the trustees, and approved by the county superintendent, and that upon the trustees refusing to sign such contract, she appealed to the county superintendent at Wellington, and to the state superintendent of public instruction at Austin, but there is no evidence that she ever appealed to the state board of education prior to bringing her suit.

On trial of the case the jury returned a verdict in favor of plaintiff for $150, and answered special issues as follows: That the qualified trustees of common school district No. 2 did not enter into a written contract with plaintiff, or employ her to teach in the said district for the term of 1923–24; that the county; superintendent had never approved any such written contract, and found for plaintiff for damages sustained by her by reason of representations made to her with reference to her teaching Aberdeen school in the sum of $150, as stated; that Waller and Thompson authorized Sweat to notify the plaintiff that she had been elected to teach the Aberdeen school. On which issues, and answers of the jury, the court entered a joint and several judgment against Thompson, Waller, and Sweat for the sum of $150. Notwithstanding Thompson and Waller's denial of their having ·authorized Sweat to write the letter notifying the plaintiff that she had been elected—Sweat and his son having testified to such authorization—the finding of the jury concludes the matter, and the question will be discussed on the basis of such finding.

[1] Appellant's first proposition, presenting the error on the part of the trial court that the evidence failing to show that plaintiff prosecuted her appeal to the state board of education, as required by law, before bringing her suit, and the suit being prematurely brought, the trial court had no jurisdiction to try the case, must be sustained. The record elsewhere discloses that no appeal was taken by plaintiff to the state board of education, and the trial court had no jurisdiction of the matter, in the absence of such showing as against the school district and against the defendants· officially. Donna Independent School District v. First State Bank (Tex. Civ. App.) 227 S. W. 975; Jennings v. Carson (Tex. Com. App.) 220 S. W. 1091; Nance v. Johnson, 84 Tex. 401, 19 S. W. 559.

From the issues submitted to the jury, and from the judgment rendered by the trial court, this appears to be the view he took of the case.

[2] But does this rule apply to plaintiff's suit in the alternative against Thompson, Waller, and Sweat individually? We think it does not. The plea in the alternative against the individual defendants does not base a right of recovery upon the contract or upon the official conduct of the trustees, but upon matter extraneous, and not involving them officially. Hence there was no reason why an appeal should be required. No one would insist, had she brought a straight suit. against the defendants individually, that she should have appealed to the board of education.

[3, 4] The defendants Thompson and Waller, their denial that they had not authorized Sweat to write the letter requesting her to come to Wellington having no effect in face of the finding of the jury, alleged no legal reason why they refused to sign the contract. If they were guilty of refusing to employ the plaintiff because of her lack of personality, the fact that they refused to sign a written contract might be a perfect defense against the district or against themselves officially; but this protection does not extend to the action against them as individuals. If they represented to plaintiff that she was employed as such teacher and she, relying on such representations, was induced to go to Wellington, and was thereby induced to incur expense, or to lose other employment, such representations and breach thereof would constitute legal fraud, and she could maintain an action for such damages as would reasonably flow therefrom—such damages as would be within the contemplation of the parties at the time they made such representations. Fraud in law rises from such acts, as though not originating in any actual evil design or contrivance to perpetrate positive fraud upon other persons, and yet, by their tendency to deceive or mislead others, are deemed equally reprehensible with positive fraud. A. Peiser & Co. v. Peticolas, 50 Tex. 638, 32 Am. Rep. 621. There is no fixed definition of fraud. It consists of, and depends upon, the existence of a certain combination of facts in each case. Sparks v. Dawson, 47 Tex. 144. Representations by which a party may be induced to act, and upon which he does act, relying upon them, need not be fraudulently made to entitle him to relief for any injury caused by them. Loper v. Robinson, 54 Tex. 514. We understand that by the expression "fraudulently made" the court meant made with "evil intent," or with "intent to deceive."

The representation was made to the plaintiff that she had been elected to teach the school, and was made with intent to have her act on it, for she was not only informed that she was elected, but told to "come on."

[5] The rule is that where affirmative representations are made and designed to be acted upon by another, and he does act upon such representations, believing them to be

true, when they are in fact false, the party making such false representation is rendered liable for the consequences thereof, regardless of the question of his knowledge of such falsity, or intent to deceive. Goodwin v. Daniel (Tex. Civ. App.) 93 S. W. 536.

[6] Appellants raise the question that the petition declared on an express contract, and that plaintiff should not be allowed to recover on quantum meruit. This contention is not sustained by the record. The petition does declare upon an express contract, but so far as the record discloses, there was no recovery on quantum meruit. The alternative plea is: That if the contract, for any reason, should be held not binding upon defendant school district, then that defendants Waller, Thompson, and Sweat are liable to plaintiff for her damages in the sum alleged, etc. The issue submitted by the trial court to the jury was:

"What was the amount of damages, if any, sustained by Judie Shifflett by reason of the representations made to her by A. O. Sweat with reference to her teaching the Aberdeen school?"

The answer was, "$150.00."

The trial court refused to give a specially requested instruction tendered by appellants as follows:

"You are instructed that the burden of proof is on the plaintiff in this case to establish the material allegations in her petition necessary to a recovery."

The court had not so instructed the jury in his main charge, and refused to give this special charge asked, but, on the contrary, did instruct the jury that—

"The burden of proof is on the party asserting the affirmative of an issue to establish his contentions by a preponderance of the evidence."

To the court's action in refusing to give the first-stated instruction, and in giving the last-named instruction, proper exception was reserved.

[7, 8] The burden of proof on the whole case is on the plaintiff, but it is not always necessary for a jury to be instructed to this effect. Blum v. Strong, 71 Tex. 321, 6 S. W. 167. The propriety of doing so depends on the state of the evidence. Texas, etc., Ry. Co. v. Syfan (Tex. Civ. App.) 43 S. W. 551 (writ denied). In this case the burden was on the plaintiff to establish the material allegations in her petition, but where a case is submitted on special issues, and the defendant presents to the court affirmative defenses raising issues not raised in and by plaintiff's petition, and defendants' general denial, a charge that the burden of proof is upon the party asserting the affirmative of an issue to establish such issue is correct. But it has been held that the requirement

that such affirmative must be established by the defendant by a preponderance of the evidence is erroneous, the only requirement being that such affirmative shall be sufficient to rebut plaintiff's case. St. Louis & S. F. Ry. Co. v. Hooser, 44 Tex. Civ. App. 229, 97 S. W. 708, 709.

[9] In the case of Ft. Worth & D. C. Ry. Co. v. Amason (Tex. Civ. App.) 260 S. W. 204, this rule was also recognized by this court. The defendant is not required to support any issue presenting an affirmative defense to the plaintiff's case by a preponderance of the testimony.

[10] In this case the burden of proof was upon the plaintiff to establish the affirmative of every issue submitted to the jury necessary to a recovery by her, and as the defendants were injecting no new affirmative defensive matter into the case, the trial court erred in not giving the special charge asked by defendants and in giving the charge on the burden of proof which he did give.

We have carefully considered appellants' other propositions and find no reversible error presented in them.

We suggest to the trial court, in view of another trial, that plaintiff be required to replead, asserting her right to recover only as against the individual trustees, and setting out fully her damages occasioned by their action, if any.

For the error indicated in the charge of the court, the judgment of the trial court is reversed and here remanded.