## SMITH v. CHIPLEY. (No. 3213.)

Court of Civil Appeals of Texas. Amarillo. Feb. 20, 1929.

tered into a contract in writing whereby the plaintiff sold his interest in said contract and all rights thereunder and in the property above described, to the defendant, who promised and agreed in said contract to pay plaintiff for such interest by transferring to him $4,700 worth of vendor's lien notes, deeding him a certain lot in the town of Lubbock, Tex., and by the execution by the defendant of his promissory note in the sum of $3,000, payable to plaintiff. That in addition thereto, the defendant agreed and promised to pay the plaintiff the further sum of $5,300 by delivering to him that amount in vendor's lien notes received by the defendant under the contract between the plaintiff and Mrs. Minnie Slaughter Veal on the east one-half of said 19,617.28 acres of land. That it was further agreed that in the event defendant should be unable to deliver notes on January 1, 1923, amounting to said $5,300, he would execute and deliver to the plaintiff on that date his personal note for said sum, due on or before two years from its date, bearing interest at the rate of 8 per cent. per annum, and furnish plaintiff satisfactory security for the payment of such personal note. That it was further agreed that on December 31, 1922, the plaintiff would purchase all unsold tracts on the east half of said 19,617.28 acres of land and execute notes therefor to Mrs. Veal, and that the defendant would pay thereon to Mrs. Veal the $2 per acre on such tracts of land so purchased by the plaintiff, and the defendant would be entitled to credit on said $5,300 for the cash so advanced. That the defendant also agreed to assume all outstanding debts and accounts theretofore incurred in the sale of the Veal lands.

That the plaintiff has complied with all the obligations imposed upon him by the terms of said contract, and the defendant has heretofore transferred to plaintiff $4,700 worth of vendor's lien notes and deeded to plaintiff the lot in the town of Lubbock, and made and paid the $3,000 note, all as provided in the contract, and made the cash payment on the lands bought by plaintiff under the Veal contract, amounting to $1,416, for which the defendant is entitled to credit, but has failed and refused and still fails and refuses to pay the plaintiff the balance on said $5,300, which is $3,884, and has failed and refused to deliver to plaintiff vendor's lien notes for said sum, and failed and refused to execute his personal note and furnish security therefor, as provided in said contract.

That about January 1, 1923, a settlement was made between the defendant Smith and Mrs. Veal, and she delivered to him vendor's lien notes of purchasers on tracts of land out of the east portion of the 19,617.28 acres, in excess of the amount of $5,300, but

See also (Tex. Civ. App.) 287 S. W. 156.

Lockhart, Garrard & Brown, of Lubbock, for appellant.

Bean & Klett, of Lubbock, for appellee.

JACKSON, J. This suit was instituted by H. D. Chipley, plaintiff, on October 28, 1926, in the district court of Lubbock county, Tex., against Morton J. Smith, the defendant, to recover the sum of $3,884, with interest thereon at the rate of 8 per cent. per annum from January 1, 1923.

On May 24, 1927, the plaintiff filed his amended original petition, in which he alleges:

That about November 22, 1922, he was the owner of an interest under a certain contract theretofore made between himself and Minnie Slaughter Veal and her husband relative to the sale of 19,617.28 acres of land, situated in Cochran county, Tex., together with certain interests, moneys, commissions, and notes, and two automobiles. That on said date the plaintiff and the defendant en-

the defendant at said time, and at all times thereafter, has refused to deliver said notes or any part thereof to plaintiff, has refused, to execute his personal note to plaintiff. and refused to pay plaintiff said sum of $3,884, though plaintiff has often requested the defendant to either deliver the notes or to execute his personal note or pay said balance.

Plaintiff alleges: That if he is mistaken in his allegations that Mrs. Veal delivered to defendant on or about January 1, 1923, notes in excess of $5,300, then he alleges that the settlement was made between defendant and Mrs. Veal about January 1, 1923, that the defendant received notes in excess of the amount of $5,300, but instead of delivering said notes to plaintiff, made other disposition thereof by placing them as collateral with other parties for his indvidual debts, but that some time thereafter, the exact date being unknown to the plaintiff, but previous to the filing of this suit, all notes against the east part of the Veal tract of land that the defendant was entitled to were released and delivered to him, and he had full dominion and control thereof, and has had for quite a while before the institution of this suit, but notwithstanding this fact, and although plaintiff has frequently requested him to make delivery of said notes or pay the balance on the $5,300 indebtedness due him, or to execute and deliver to plaintiff his personal note with security for said amount, with interest as in the contract provided, the defendant has failed and refused to do so. That the sum due plaintiff by the defendant was $5,300, payable in $5,300 worth of notes which were of the market value of $5,300, and that by reason of the premises and the breach of said contract by defendant, plaintiff has been damaged in the sum of $5,300, less the cash advanced, which indebtedness was to bear interest at the rate of 8 per cent. per annum. Plaintiff prays for judgment for the sum of $3,884, with interest on said sum from January 1, 1923, at the rate of 8 per cent. per annum, for 10 per cent. attorney's fees, for costs of suit, and all such further and other relief as he may be entitled to, in law and in equity.

The defendant answered by general demurrer, special exceptions, general denial, and pleaded:

That on or about September 3, 1921, Minnie Slaughter Veal and her husband, G. T. Veal, entered into a written contract with the plaintiff, H. D. Chipley, by which she agreed to sell to the plaintiff or his vendees the 19,617.28 acres of land in Cochran county, Tex. That said body of land was to be subdivided into tracts or labors. That the consideration Mrs. Veal was to receive for the east half of said land was $15 per acre and for the west half $10 per acre. That $2 of the consideration was to be paid in cash on or before December 31, 1922, and the balance to be evidenced by 10 equal vendor's lien notes against each tract, payable to Mrs. Veal from one to ten years from December 31, 1922. That the plaintiff herein, H. D. Chipley, was authorized to sell the east half of said tract of land at $20 per acre, $1 of which he was allowed for expenses, $2 of which was to be paid to Mrs. Veal as the $2 cash, and $17 to be evidenced by 10 equal vendor's lien notes, payable to Mrs. Veal. That the entire body of 19,617.28 acres of land should be purchased by Chipley or sold to his vendees under the terms and conditions of the contract prior to December 31, 1922, in which event Mrs. Veal agreed to transfer, without recourse on her, to the said Chipley out of the vendor's lien notes, the $4 per acre received in notes for the land in excess of the $13 per acre due Mrs. Veal in notes for the tracts in the east half of said body of land. That in the event the plaintiff herein failed to sell or purchase all of said 19,617.28 acres of land by the 31st day of December, 1922, then he should not be entitled to any interest in the notes or any part of the land sold and should forfeit all rights under the contract.

That after the execution and delivery of the Veal-Chipley contract, the plaintiff transferred to defendant an interest, and to other parties certain interests, and on the 22d day of November, 1922, after the plaintiff and defendant and the others associated with them had sold all of the tracts in the east half of said 19,617.28 acres except approximately 16 labors, the plaintiff and the defendant entered into the contract upon which the plaintiff sues in this case, whch transferred to the defendant the plaintiff's remaining undivided one-fourth interest in the Veal-Chipley contract for the considerations named therein, and provided that, among the other considerations stated, the defendant should pay the plaintiff $5,300 in vendor's lien notes received under the Veal-Chipley contract for tracts of land in the east half of the 19,617.-28 acres, and that in the event the defendant was unable to deliver said notes on January 1, 1923, he should execute a note for $5,300, payable to plaintiff on or before two years after date with interest at the rate of 8 per cent. per annum, and furnish satisfactory security for the payment of such note, which should be paid with vendor's lien notes on the tracts of land in the east part of said 19,617.28 acres. That if plaintiff had ever had any cause of action against the defendant, it was for the recovery of notes aggregating the sum of $5,300. That the defendant has had possession of said notes at all times since the 1st day of January, 1923, and that plaintiff's cause of action, if any he had, accrued on said date, and is therefore barred by the Two-Year Statute of Limitations (Rev. St. 1925, art. 5526). That the suit was filed on the 28th day of October, 1926, and in the original petition the plain-

tiff sued for a money demand based on allegations that the defendant had breached his contract of November 22, 1922. That on the 24th day of May, 1927, the plaintiff filed his amended petition and changed his cause of action from a breach of contract to one of conversion, and said amended petition was filed more than four years after plaintiff's cause of action accrued, and is therefore barred by the Four-Year Statute of Limitations (Rev. St. 1925, art. 5527).

That under the contract of November 22, 1922, the plaintiff was to purchase all of the unsold tracts in the east half·of said 19,617.- 28 acres of land if not sold by December 31, 1922, and execute, as stipulated in the Veal-Chipley contract, the notes to Mrs. Veal. That the defendant was to pay the cash consideration of $2 per acre on such unsold land and to receive credit therefor on the $5,300 obligation due the plaintiff under his contract with the defendant. That plaintiff later suggested that he would rather not sign the notes for such unsold tracts and become personally liable thereon, but that if the defendant would take a deed to four of said tracts and pay the cash consideration, plaintiff would take a deed to four of said tracts and furnish other parties who would take a deed to the remaining unsold tracts and execute the notes therefor, and that plaintiff would allow the defendant a credit on said $5,300 obligation for all the cash paid out by defendant on the purchase of each of said tracts. That the defendant immediately accepted deeds to 4 labors of said land, paid the $2 cash consideration, which he would not have done but for the promise of the plaintiff to give him credit for said $2 per acre on the $5,300 obligation. That the plaintiff took a deed to 4 labors of said land, and the defendant paid the cash consideration of $2 per acre thereon, and was thereby entitled to a credit for the $2 per acre on said '8 labors on the $5,300 obligation. That prior to the 22d day of November, A. D. 1922, the plaintiff and defendant had contracted to sell to Everett Arnn, H. M. Reeves, and J. H. Davis, each 1 labor of said lands. That about the 22d of November, 1922, or shortly thereafter, plaintiff and defendant learned that neither Arnn, Reeves, nor Davis would consummate their contracts to purchase said labors on account of financial inability to pay the cash consideration required, and the plaintiff requested the defendant to pay such cash consideration for said parties and agreed to allow him a credit of $2 per acre on said tracts on the $5,300 obligation, and that relying on such agreement, the defendant did pay to Mrs. Veal the $2 per acre cash on each of said labors. That the defendant produced H. F. Schwab and J. F. McSpadden, each of whom agreed to accept deeds to two tracts and sign the notes therefor, and the defendant agreed to pay and ·did pay the cash consideration of $2 per acre on said four tracts of land, and the plaintiff agreed to allow the defendant a credit for said amount on said $5,300 obligation. That the money so advanced by the defendant for the $2 cash consideration on the 15 labors of the unsold land exceeded the amount of the $5,300 obligation. That by reason of the money so advanced by the defendant, he was not due plaintiff any sum of money on the $5,300 obligation, and for the purpose of showing that defendant did not owe the plaintiff any sum or sums of money by reason of said contract, the plaintiff, on December 30, 1922, executed and· delivered to the defendant an instrument in writing wherein he transferred and assigned to the defendant all the interest of the plaintiff in and to the Veal-Chipley contract and acknowledged the full and complete payment of all consideration due the plaintiff for the sale and transfer of his interest therein to the defendant, and that by reason of such instrument the contract between the plaintiff and the defendant was completely extinguished, released, and satisfied, and the plaintiff should be and is in equity estopped to claim any right, title, or interest in the Veal-Chipley contract or by virtue of the contract between plaintiff and defendant.

The plaintiff, in reply to the defendant's answer, filed a general demurrer and general denial.

On special issues submitted by the court, the jury found that the plaintiff, subsequent to November 22, 1922, agreed that the defendant should be credited on the $5,300 obligation with the $2 per acre on each of the labors of land deeded respectively to H. M. Reeves and J. H. Davis and for the 2 labors deeded H. F. Schwab, and the 2 labors deeded to J. F. McSpadden, but that the plaintiff did not agree that the defendant should have a credit on said obligation for the $2 per acre on the labor deeded to Everett Arnn nor on the 4 labors deeded to the defendant, Morton J. Smith.

On these findings, judgment was rendered by the court in favor of the plaintiff against the defendant for the sum of $1,771 principal, with interest thereon from January 1, 1923, at the rate of 8 per cent. per annum, or a total sum .of $2,585, with interest thereon from the date of the judgment, October 10, 1928, at the rate of 8 per cent. per annum.

From this judgment the defendant prosecutes this appeal.

The appellant assigns as error the action of the trial court in overruling his special exception to appellee's amended'petition because the contract of December 30, 1922, if not a complete discharge of the contract of date November 22, 1922, was in any event a novation thereof, and ·as the contract of December 30th imposed no obligation on appellant to pay any sum of money to appellee,

the suit was based on a parol agreement, and not having been filed until more than two years after January 1, 1923, the date the cause of action accrued under such oral agreement, the appellee's suit was barred by the statute of two years' limitation.

The appellee in his petition neither mentioned nor referred to the contract signed by him bearing date of December 30, 1922. Nor did he allege any parol agreement made between him and appellant on that or any other date as a basis for his recovery. Hence, the contention of appellant, based on his exception to appellee's pleading that the contract of December 30th was in any event a novation and appellee's cause of action, if any he had, rested in an oral agreement and was barred by the statute of two years' limitation on October 28, 1926, when the suit was filed, is not tenable.

"Novation is effected by the substitution of a new obligation, between the same parties, with the intention to extinguish the old one." Wasson v. Davis, 34 Tex. 159; Meador v. Rudolph (Tex. Civ. App.) 218 S. W. 521.

"A novation which does not clearly appear will not be presumed. * * * The burden of pleading and proof rests upon him who would rely on a novation." Hix v. Tomlinson (Tex. Civ. App.) 200 S. W. 897; Darby v. Farmers' State Bank of Burkburnett (Tex. Civ. App.) 253 S. W. .341; Hall et al. v. First State Bank of Hawley (Tex. Civ. App.) 4 S. W.(2d) 253.

Appellee's petition discloses no intention to substitute a new obligation between the parties, either by written or oral agreement, and the novation claimed does not appear in such petition and could not be presumed by the court.

The appellant assigns as error the action of the trial court in overruling his special exception to the appellee's amended petition, because the allegations in said amended petition set up a new and different cause of action from the one pleaded in the original petition, and the amended petition having been filed more than four years after appellee's cause of action accrued January 1, 1923, the same was barred by the Four-Year Statute of Limitation.

The appellee, in his original petition, set up the contract between him and appellant, of date November 22, 1922; pleaded the terms and conditions thereof, the performance by him of the obligations imposed upon him by said contract, and that appellant had complied with the contract to the extent of paying certain items of the consideration recited therein, but had failed and refused to deliver to appellee vendor's lien notes as stipulated, although he had received such notes from Mrs. Veal; that he had also failed and refused to execute to appellee his promissory note, and failed and refused to pay appellee

the balance of $3,884 due appellee on the $5,300 obligation under the contract of November 22, 1922—all of which constituted a breach by appellant of his contract of November 22, 1922. He prayed for judgment for said balance, which was the sum of $3,884, with interest, attorney's fees, etc., and for such other and further relief as he was entitled to in law or in equity.

Under these allegations, the appellant, having failed to deliver the vendor's lien notes and having refused to execute the personal note, committed a breach of the contract, and appellee was authorized to sue for the unpaid balance of the consideration and recover a money judgment therefor.

"The defendants were bound to execute their note, payable in nine months, for the price stipulated. When they refused to execute the note they committed a breach of the contract, and gave to plaintiff the right to sue immediately for the price." Young et al. v. Dalton et al., 83 Tex. 497, 18 S. W. 819. Empire Gas & Fuel Co. v. Pendar (Tex. Civ. App.) 244 S. W. 184.

Appellee's amended petition did not allege a new cause of action, as our courts make no distinction between a suit for debt and a suit for damages based on a written contract or its breach.

"The more reasonable construction, and that which best harmonizes with the general provisions and policy of the statute, we think, is, to consider the terms 'actions of debt, grounded on any contract in writing,' as including all suits brought to recover money for the breach of a contract in writing, without regard to the technical distinction between debt and damages." Robinson v. Varnell, 16 Tex. 382; Elder, etc., Co. v. St. Louis S. W. R. Co., 105 Tex. 628, 154 S. W. 975; Williamson & Co. v. T. & P. R. Co., 106 Tex. 294, 166 S. W. 692.

The contract was dated November 22, 1922, and the original petition was filed on October 28, 1926, within less than four years after January 1, 1923, the date the contract was to be performed, and was therefore not barred by the statute of four years' limitation at the time the suit was instituted, under the authorities, supra.

Appellant's contention that the original petition was subject to a general demurrer and the filing thereof was not sufficient to stop the running of the statute of limitation cannot be sustained. Flatow, Riley & Co. v. Campbell Co. (Tex. Com. App.) 280 S. W. 517.

The appellant challenges as error the action of the trial court in refusing to instruct a verdict in his behalf, because the written contract of November 22, 1922, and the written contract of December 30, 1922, were between the same parties; related to the same subject-matter; the December contract was unambiguous; was not attacked by appellee for fraud, accident, or mistake; was pleaded

by appellant as a full and final settlement and discharge of the November contract, and must be so construed; and the court should have given his peremptory instruction.

The contract of November 22d, among other things, provides: "That said H. D. Chipley, for and in consideration of the sum of One' ($1.00) and no/100 Dollars and other valuable considerations paid by Morton J. Smith, has this date and by these presents does transfer, assign and convey unto Morton J. Smith, all his rights, titles, and interest in and under the contract made by H. D. Chipley with Minnie Slaughter Veal and husband, G. T. Veal, dated September 3, 1921, covering approximately 19,617.28 acres of land in Cochran County, Texas, together with all interest, moneys, commissions and notes earned upon said contract," etc.

After reciting a number of items of consideration which are not involved, for such transfer, it provides: That Morton J. Smith is to pay Chipley an additional sum of $5,300 in vendor's lien notes received by Smith under the Veal-Chipley contract, out of tracts of land in the east half of the entire body of land. That if Smith is unable to deliver the notes on January 1, 1923, he shall execute a note for $5,300, payable to Chipley on or before two years after its date with 8 per cent. interest, with satisfactory security, which note shall be paid with vendor's lien notes against tracts of land in the east half of the 19,617.28 acres of land. That the unsold tracts are to be purchased by Chipley, if any not sold before December 31, 1922, and that he should execute the notes against each tract to Mrs. Veal, but that Morton J. Smith is to pay the cash consideration of $2 per acre on each tract of unsold land purchased by Chipley, and Smith was entitled to a credit on the $5,300 obligation for all sums paid by him as the cash consideration on said unsold lands.

The appellant alleged, among other things: That after the execution of the November contract, the appellee was unwilling to accept deeds to the unsold tracts and become personally liable on the vendor's lien notes, and agreed that if the appellant would take 4 of said labors of land and pay the cash of $2 per acre thereon, appellee would take 4 labors of land and secure other parties to take the remainder of the unsold labors, on all of which appellant was to pay the $2 per acre and receive credit on the $5,300 obligation. That under this arrangement, the appellant paid the cash consideration on 15 labors of land, 4 to himself, 4 to appellee, and 7 to purchasers furnished by appellee, and thereby discharged the $5,300 obligation, and that for the purpose of evidencing a settlement, release, and discharge from such obligation, he and appellee entered into the contract of December 30, 1922, which reads:

"That I, H. D. Chipley, for and in consideration of the sum of $1.00 and other valuable considerations to me in hand paid by Morton J. Smith, the receipt of which is hereby acknowledged, have this day and by these presents do transfer, assign and convey unto the said Morton J. Smith all my interest in and to the contract made by me with Minnie Slaughter Veal and husband, G. T. Veal, for the purchase of approximately 19,617.28 acres of land situated in Cochran County, Texas, which contract is dated September 3, 1921, and recorded in the deed records of Cochran County, Texas.

"To have and to hold unto the said Morton J. Smith, his heirs and assigns forever."

There is no controversy over the terms and provisions of the Veal-Chipley contract of date September 3; 1921.

It will be observed that the appellant in his answer alleged that he discharged the $5,300 obligation due appellee by paying to Mrs. Veal the $2 per acre cash required on the 15 unsold labors of land that were to be deeded to appellee; that for the purpose of showing a full satisfaction of the $5,300 and the other considerations stated in the contract of November 22d, the contract of December 30th was executed. These allegations were put in issue by appellee's general denial, and testimony was offered by both parties on said issues, and the court submitted such issues to the jury, some of which were found for appellant and some of which were found for appellee. The issues were submitted by the court in his general charge, but were requested by the appellant in the special issues he presented to the court.

■■ Under the parol evidence rule, the consideration for the contract of December 30th could be shown by parol evidence without pleading fraud, accident, or mistake.

"A recital in a written instrument as to the payment of the consideration is merely in the nature of a receipt and may be contradicted." 22 C. J. § 1562; Morris v. Davis (Tex. Civ. App.) 3 S.W.(2d) 109; Lanier v. Foust, 81 Tex. 186, 16 S. W. 994.

"As a general rule, the recitals of a written instrument as to the consideration are not conclusive and it is always competent to inquire into the consideration and show by parol or other extrinsic evidence what the real consideration was. * * * The principle admitting parol evidence to vary the consideration expressed in a written instrument does not rest upon the ground of fraud, accident or mistake and hence it is not necessary, in order to form a basis for the admission of such evidence, that the pleading should contain any allegations thereof." 22 C. J. 1555.

The principles thus announced is the law in Texas. Taylor v. Merrill, 64 Tex. 494; Johnson v. Elmen et al., 94 Tex. 168, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845; Whitehead v. Weldon et al. (Tex. Civ. App.)

264 S. W. 958; Callaway v. Albin, 114 Tex. 5, 261 S. W. 372; Grogan v. Lea (Tex. Civ. App.) 269 S. W. 1070.

The contract of December 30th recites: "For and in consideration of the sum of $1.00 and other valuable considerations."

In Kleck et ux. v. Kleck (Tex. Civ. App.) 246 S. W. 720, the court says: "Such clauses are put in deeds for some purpose. Certainly not put there to allow proof to explain a consideration, for that is always admissible, but rather to show that there were other considerations that entered in the transaction than those mentioned."

Under the pleadings of appellant and the contract of December 30th, parol evidence was admissible to vary or explain the consideration recited in the contract of December 30th, and appellee was not required to plead accident, fraud, or mistake, and his testimony tends to show that said contract was executed for the purpose of enabling the appellant to settle with Mrs. Veal under the terms of the Veal-Chipley contract and receive the vendor's lien notes he was entitled to thereunder and deliver to appellant the vendor's lien notes called for in the contract of November 22d, and not for the purposes of evidencing a full and complete discharge of the considerations, recited in said contract. The court correctly refused the peremptory instruction.

■ Appellant, by proper assignment, challenges as error the action of the trial court in charging the jury that: "The burden of proof by a preponderance of the evidence is on the defendant to establish the affirmative of the above issues and sub-paragraphs thereof."

The allegations in appellant's answer are, in substance: That by oral agreement with appellee, made subsequent to November 22, 1922, the appellant was to advance the $2 per acre cash to Mrs. Veal on all the unsold labors of land, whether deeded to appellee or to appellant or some purchaser furnished by appellee. That for such payments, he was to receive credit on the $5,300 obligation due appellee. That he paid to Mrs. Veal the $2 per acre cash required on the unsold labors, and thereby paid the $5,300 obligation due appellee, and that for the purposes of releasing and discharging appellant from said obligation, the contract of December 30th was executed as a conveyance and a release. As we construe appellant's answer, it was a plea of payment. Rule v. Dorn, 41 Tex. Civ. App. 520, 92 S. W. 828. The charge complained of required the appellant to discharge the burden of proof by a preponderance of the evidence as to the agreement he alleged he had made with appellee subsequent to November 22d, and as to the payments of the cash consideration to Mrs. Veal on the unsold labors of land.

It has been held that: "The burden of proof does not shift from the plaintiff to the defendant, but always remains with him, and when plaintiff has made out his case it devolves upon the defendant to rebut such case, but this burden does not go to the extent of requiring the defendant to establish a rebuttal by a preponderance of evidence." St. L. & S. F. Ry. Co. v. Hooser, 44 Tex. Civ. App. 229, 97 S. W. 708, and authorities cited. See, also, Fort Worth & D. C. R. Co. v Amason (Tex. Civ. App.) 260 S. W. 204; Thompson v. Shifflett (Tex. Civ. App.) 267 S. W. 1030. But if there is any question about the application of the doctrine announced above to the error assigned in this case, we think that the holding of the Commission of Appeals, approved by the Supreme Court in Baker v. Pierce et al. (Tex. Com. App) 259 S. W. 921, is conclusive. In the last case supra, plaintiff sued on a vendor's lien note. The defendant pleaded payment and also the execution of a release to him by the plaintiff. In reply to defendant's answer, plaintiff alleged that the release of the note was a mutual mistake. The court charged the jury that the burden of proof was on the defendant to show payment and, unless he had done so by a preponderance of the evidence, to find for the plaintiff. After citing and quoting from numerous authorities, the Commission of Appeals says: "When the plaintiff and defendant had rested in chief, if no other evidence had been offered, the defendant would have been entitled to an instructed verdict in his favor, the release of the note being prima facie proof of its payment; it then became necessary for the plaintiff to introduce proof of his plea that the release was made through mutual mistake, and, the case having reached that stage where it became necessary for the plaintiff to introduce proof explaining defendant's prima facie proof of payment, we think that the burden of proof was not then upon defendant to show payment, and that plaintiff's special charge No. 1 should not have been given."

In the case at bar, the appellant, with other testimony of payment, introduced the contract of December 30, 1922, in which the appellee purports to convey all of his interest in the Veal-Chipley contract for the sum of $1 and other valuable considerations to him in hand paid by the appellant, the receipt of which is acknowledged by the appellee. Under the holding in Baker v. Pierce and under the pleadings in this case, if appellee had introduced the contract of November 22d and appellant had introduced the contract of December 30th, and both parties rested, the appellant would have been entitled to a directed verdict in his behalf. The other testimony offered by appellant and the other facts and circumstances revealed by the record in this case only emphasize the application of the rule announced in Baker v. Pierce, supra, to the case at bar, and this assignment is sustained.

The appellant presents as error the action of the trial court in allowing the appellee to

recover 8 per cent. interest on the amount of the judgment rendered in his favor. The Veal-Chipley contract stipulates that the vendor's lien notes which are to be executed to Mrs. Veal are to bear interest at the rate of 7 per cent. per annum. The contract of November 22d provided that appellee was to be paid out of vendor's lien notes received under the Veal-Chipley contract, and that if they were not delivered on January 1, 1923, he was to receive a personal note from appellant bearing interest at the rate of 8 per cent. per annum, which was likewise to be paid out of vendor's lien notes he received on the Veal-Chipley contract.

Appellee is not suing on the promissory note, nor upon the vendor's lien notes, but is suing for a money demand against appellant for his failure to deliver vendor's lien notes which would have drawn but 7 per cent. interest, and his failure to execute a promissory note which would have borne 8 per cent. interest. There is nothing in the contract that provides what rate of interest shall be paid in the event appellant fails to comply with his contract and appellee is forced to his action for damages. In our opinion, the appellee is not entitled to recover under this record more than 6 per cent. interest per annum, the legal rate.

We deem it unnecessary to discuss the other assignments of error, as they, in all probability, will not occur on another trial.

The judgment is reversed, and the cause remanded.