### JOHNSON et ux. v. HARRINGTON.
### No. 5129.

Court of Civil Appeals of Texas. Amarillo.
March 11, 1940.

Rehearing Denied April 15, 1940.

Lackey & Lackey, of Stinnett, for plaintiffs in error.

Underwood, Johnson Dooley & Wilson, of Amarillo, for defendant in error.

JACKSON, Chief Justice.

Jack Johnson and his wife, Lily Johnson, the appellants, instituted this suit in the District Court of Hutchinson County, Texas, against D. D. Harrington, the appellee, on August 3, 1937, in the form of an action in trespass to try title to recover title and possession to the land herein described.

The appellee answered by plea of not guilty and filed a cross-action, but prior to the trial of the case he filed an amended answer in which he disclaimed the property sued for except as to the vendor's lien he held and the mineral rights he reserved.

The case went to trial on October 6th, but during the trial the appellants were granted leave to file an amended petition and appellee was allowed to withdraw his answer and file new pleadings.

Appellants then filed their first amended original answer to recover damages in the sum of $750 on account of the failure and refusal of the appellee to deliver to them the possession of sections Nos. 12 and 20 in Block M–16, Hutchinson County, Texas.

They allege in substance the purchase of the surface rights of said two sections from appellee, the execution and delivery to them of a warranty deed conveying to them the surface rights, but reserving the minerals in the lands conveyed; that 900 acres of the two sections were pasture lands suitable for grazing cattle; that they desired and intended to so use such pasture for grazing cattle but charged that appellee refused and failed to deliver possession but permitted Albert Yake to hold the land, occupy it and graze his stock thereon and thereby deprived the appellants of the possession and the use of the pasture lands

for grazing their cattle and allege their damage to be the sum of $750.

The appellee withdrew all his former pleadings, answered by general demurrer, general denial and alleged that appellee, about May 29, 1937, contracted in writing to sell appellants the land described in their amended petition; that pursuant to said contract $500 of the total agreed consideration was deposited in escrow with a bank in Amarillo and on the same day the appellee agreed in writing that appellants should have immediate possession of the land but the contract had been novated.

At the conclusion of the testimony the court directed a verdict in behalf of the appellee and on the answer of the jury in response thereto rendered judgment that appellants take nothing by their suit and it is of this action of the court that appellants complain.

We deem it unnecessary to state the terms of the contract of sale, which was in the form of a letter dated May 29th addressed to Mrs. Johnson, since in compliance therewith the appellee joined by his wife on June 1, 1937, deeded the land to appellants for a consideration of $10,000; $2,500 cash in hand paid and $7,500 evidenced by six vendor's lien notes of even date with the deed each for the principal sum of $1,250 and due on or before two to twelve years after date, respectively, bearing interest at the rate of 7% per annum. The deed, $2,500 cash, and the notes were later placed in the First National Bank of Amarillo.

On May 29, 1937, the appellee addressed another letter to Mrs. Johnson referring to the agreement to sell the land, in which he stated:

"This will confirm our understanding that you are to have immediate possession of this land.

"It is my understanding that the present tenant, Albert Yake, does not have any growing crops whatever and I have already notified him to vacate the premises."

In compliance with the contract of sale an abstract of title was furnished and appellants had it examined by their attorney, J. L. Lackey, who on June 7, 1937, advised the appellee by letter that the notes described in the deed had been executed by the appellants and together with a check for $2,000, payable to the First National Bank at Amarillo, left with him to be mailed to the bank where the deed and $500 of the cash consideration were in escrow.

The attorney also advised the appellee that appellants had gone out that day and found Albert Yake occupying the property and he refused to deliver possession; that as soon as "you will get Mr. Yake off of there" the appellants are ready to close.

The record shows that on June 12th the parties met at the bank in Amarillo; the entire consideration, cash and notes properly executed, were placed in the bank to be delivered to the appellee on his delivery of the deed and possession of the property. After some discussion the deed was delivered to Mr. Johnson, appellee stating on the stand he thought probably Mr. Johnson with the deed in his possession would be more successful in getting Mr. Yake to vacate the property than he had been. The money and notes were left in the bank to be delivered when possession of the land passed.

On June 12th the appellee wrote Mr. Yake in part as follows: "I have today closed the sale of Sections 12 and 20, Block M-16, A. B. & M. Survey, Hutchinson County, Texas, to Mr. and Mrs. Jack Johnson and warranty deed has been delivered to them. * * * I understand that Mr. Johnson wants to make some improvements on the place and as it is now his land he is entitled to immediate possession."

The testimony shows without dispute that the appellants were continuously demanding possession; that appellee wrote some letters to Mr. Yake and sent some parties to induce him to vacate but accomplished nothing until October 28, 1937, on which date appellee paid Yake $100 for possession and a few days thereafter he vacated.

The testimony is to the effect that the pasture land on the two sections would have grazed some seventy-five or eighty cows; that the rental value of the land for pasturage was $1 per head per month and that the appellee failed to deliver possession of the land to the appellants for approximately four months.

■ The appellee claims that by the transaction on June 12th and by having the land conveyed to both appellants instead of Mrs. Johnson, to whom the sale letter was addressed, there was a novation of the contract. There are four essential elements to novation, an existing valid obligation, the agreement of all the parties, the extinguishment of the old contract by the

substitution of a new one and the validity of the new agreement. 30 Tex.Jur. 386, para. 4.

■ The contract confirming the sale was dated May 29th, 1937, and the deed was dated June 1st following. Had the deed conveyed the land to Mrs. Johnson according to the terms of the contract the land would have been the community property of the appellants. Certainly the discussion at the bank on the 12th of June did not extinguish the contract to give immediate possession to Mrs. Johnson or the appellants. 31 Tex.Jur. 398, para. 12. The deed was delivered and the money and notes left in the bank because appellee thought, so he testified, that Mr. Johnson with the deed in his possession might have better success than he had in persuading Mr. Yake to vacate. There was no consideration for a novation. 31 Tex.Jur. 392, para. 8. The continued efforts of appellee after the deed was delivered to induce Yake to vacate, writing him, sending parties to see him and finally on October 28th paying him $100 for possession is, we believe, conclusive against the contention of novation, but if not conclusive obviously a fact issue to be determined by a jury.

The judgment is reversed and the cause remanded.