## LINCOLN et al. v. KING et al.
### No. 5705.

Court of Civil Appeals of Texas. Amarillo.
March 11, 1946.

B. W. Tipton, of Electra, for appellants.

Warlick & Bunnenberg, of Vernon, for appellees.

PITTS, Chief Justice.

Appellees filed suit in trespass to try title to 160 acres of land situated in Wil-

barger County, Texas. Appellants answered with a plea of not guilty and with a cross-action alleging they owned a commercial oil and gas lease in the said land that was then in full force and effect and attached a copy of the lease to their pleadings. Appellees denied by supplemental petition the claims made by appellants and alleged that appellants had forfeited any and all rights they may have had to the said oil and gas lease by reason of the terms of an agreement executed between the parties contemporaneously with the execution of the said lease. Appellants admitted in a supplemental answer the execution of the contemporaneous agreement but alleged that it had no connection with the oil and gas lease in question.

The case was heard by the trial court without a jury and judgment was rendered for appellees canceling the oil and gas lease claimed by appellants and quieting the title in appellees' land from which judgment an appeal was perfected to this court.

The record discloses that appellee, Cora King, was a widow and was independent executrix of the estate of her deceased husband, J. C. King; that she was the mother of appellees, Roy Harrison King and Samuel Leslie King, and that Roy Harrison King held a power of attorney from his mother to execute the contracts in question. It was agreed by stipulation that appellees were the common source of title and that all parties were claiming through such common source. The record further discloses that appellants, W. P. Lincoln and T. Leo Moore, were partners and that the transactions they had with appellees were had as a partnership. The record also reflects that on June 21, 1944 appellees executed contemporaneously four oil and gas leases to appellants covering the mineral rights in and to adjacent and contiguous tracts of land, being one-half of Section 51, all of Section 44, and one-fourth of Section 45, comprising 1120 acres, all in Block 13, H. & T. C. Ry. Co. Survey, in Wilbarger County, Texas; that contemporaneously with the execution of the said leases and as a part of the same transaction appellants and appellees entered into a written contract whereby it was agreed between them that the consideration for the delivery of the leases was that appellants therein agreed "to begin the drilling of a well for oil and gas purposes on some part of Section No. Forty-four (44) above, on or before six months from the date of said

leases; and said well, when once begun is to be drilled with all due and reasonable diligence to a depth of 5000 feet or to oil and/or gas in paying quantities, or to igneous, and/or granite formation and/or such other formations as in the sound judgment of lessee would render further drilling impractical at a lesser depth, whichever is encountered first." It was further agreed by the terms of the said contract that if appellants "should, for any reason, fail, refuse or neglect to drill the well above specified, or cause the same to be drilled, they thereby forfeited all rights, title and interest in said oil and gas lease * * *," and in such event appellants agreed that the liabilities and obligations of appellees would cease and releases would be executed by appellants to them. The record reflects that contemporaneously with the drawing of the contract and leases a draft was drawn on the Electra State Bank for $500, charged to the account of appellants and payable to appellees on or before August 21, 1944, and all of the leases and the draft were placed in the said Electra Bank without any instructions insofar as the record discloses; that on October 28, 1944 appellant, Moore, and appellee, Roy Harrison King, visited the said bank together and requested W. C. Martin, vice president of the bank, to deliver the lease in question for one-fourth of Section 45 to appellant, Moore, and the draft for $500 to appellee, Roy Harrison King. The request was granted. Moore received the lease and Roy Harrison King endorsed the draft and it was deposited in the said bank to the account of "Roy Harrison King, Attorney-in-Fact for Mrs. Cora King." (The record reveals that the other three leases referred to above and not involved in this law suit had been delivered by the bank prior to October 28, 1944. The record further reveals that appellants executed and delivered releases on the other three leases above mentioned on August 14, 1945 before this law suit was filed on September 10, 1945.)

The lease for one-fourth of Section 45, involved in this law suit, being one of the four leases above mentioned, was executed for a term of five years from date with the provision that it would terminate after one year if no well was commenced on the land unless a rental of one dollar per acre was paid annually and successively to the Electra State Bank for the credit of lessors in order to further defer the commencement of a well on the said land.

Appellants contend that the contract executed between the parties contemporaneously with oil and gas leases had been novated, rescinded, and abandoned by the parties and a new oral contract substituted therefor and that the trial court erred in holding to the contrary and in refusing to admit testimony to establish the oral contract. They further contend that they had complied with the terms of the new contract and that the trial court should have so held. Appellees resist appellants' claims and contend that neither the pleadings nor the testimony support a claim of novation, that there had not been a novation, and that the trial court properly excluded oral testimony which attempted to vary the terms of a written instrument.

At the request of appellants, the trial court found that on June 21, 1944 appellees executed the four oil and gas leases above referred to and at the same time appellants and appellees executed the contract with reference to the consideration for the said leases above referred to; that the said contract was a part of the leases and the consideration for the leases was both the amount of money mentioned in the leases and the promise of appellants to begin the drilling of a well as recited within six months from the date of the leases with the principal consideration being the promise of appellants to commence the drilling of a well within six months' time; and that no well had been commenced as provided for in the contract. (It was admitted by appellants that no well was commenced as provided for in the contract.)

The trial court concluded as a matter of law that appellants did not plead a novation or abandonment of the contract in question and parol evidence was therefore not admissible to vary the terms of a written contract and that the contract was in force and the consideration for the oil and gas lease was contractual and the terms of the contract had not been complied with by appellants.

■ " 'Novation is effected by the substitution of a new obligation, between the same parties, with the intention to extinguish the old one.' Wasson v. Davis, 34 Tex. 159; Meador v. Rudolph, Tex.Civ. App., 218 S.W. [520], 521." Smith v. Chipley, Tex.Civ.App., 14 S.W.2d 116, 120.

■ " 'A novation which does not clearly appear will not be presumed. * * * The burden of pleading and proof rests upon him who would rely on a novation.' Hix v. Tomlinson, Tex.Civ.App., 200 S.W. 897; Darby v. Farmers' State Bank of Burkburnett, Tex.Civ.App., 253 S.W. 341; Hall v. First State Bank of Hawley, Tex. Civ. App., 4 S.W.2d 253." Smith v. Chipley, supra; 31 Tex.Jur. 402, Sec. 15.

■ If a novation is relied on as a defense it is classed as an affirmative defensive matter and the essential facts should be specifically pleaded by defendant so as to put the adversary on notice. It is not sufficient to plead a general denial. Prutzman v. Winter, Tex.Civ.App., 280 S.W. 266, and other authorities there cited; 131 Tex.Jur. 402, Sec. 15.

■ Appellants admit that they did not plead that the "said contract had been novated, abandoned, rescinded, and/or a new contract substituted therefor," but they contend that a novation was sufficiently pleaded by them in their supplemental answer, as follows: " * * * but they (defendants below) say that such contract has no connection of any kind or nature to the purchase by them from the plaintiffs herein of the oil and gas lease referred to and attached to defendants' original answer filed herein."

It appears to us that the pleading relied on by appellants for the defense of novation amounts to no more than a denial that the contract was any part of the lease. As we view appellants' pleadings they do not disclose any intention or claim of intention to substitute an oral agreement for the contemporaneous written contract in question and the novation claimed by appellants does not appear in their pleadings and could not be presumed by appellees or the trial court, which properly held that a novation or abandonment had not been pleaded by appellants, and that oral testimony attempting to vary the terms of a written contract was not admissible.

■ Appellants contend that appellees waived any right to complain about their pleadings since they did not except to them as provided for in Rule 90, Vernon's Texas Rules of Civil Procedure. Rule 90 provides that every defect, omission, or fault in the pleadings, either of form or substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the judge shall be termed to have been waived by the party seeking reversal on such account. But we

do not believe such rule is applicable here since appellees are not seeking a "reversal" because of the insufficiency of the pleadings but they are .seeking to uphold the judgment rendered by the trial court which held that the pleadings were insufficient. It is our opinion that appellants' pleadings did not give sufficient notice to the adverse party that they were claiming novation as a defense. Rule 47 of Vernon's Texas Rules of Civil Procedure requires that a pleading for a "counter-claim" or "cross-action" "shall contain a short statement of the cause of action sufficient to give fair notice of the claim involved." It appears to us that the appellants did not comply with the provisions of Rule 47.

Appellants contend further that when the testimony was offered by them to establish a new contract in lieu of the former obligation that appellees did not object on the grounds of the insufficiency of the pleadings but the record reveals that counsel for appellees did object to the introduction of such evidence because it was not supported by the pleadings.

"In every novation there are four essential requisites: (1) A previous valid obligation. (2) The agreement of all the parties to the new contract. (3) The extinguishment of the old contract. (4) The validity of the new one." 46 C.J. 578, para. 11; Johnson v. Harrington, Tex.Civ.App., 139 S.W.2d 202; Tyler Co. v. Bellows, Tex. Civ.App., 78 S.W.2d 1100; Erwin v. White, Tex.Civ.App., 54 S.W.2d 867; and 31 Tex. Jur. 386, Sec. 4.

It has been consistently held that the burden of proving a novation rests upon the one who asserts it.

The trial court heard the evidence offered by appellants attempting to establish an oral contract in lieu of the previous obligation and then held that the evidence did not disclose that a novation existed. Appellants admitted that a previous valid obligation existed but there was no evidence of probative force to establish the other three essential requisites above stated. Appellant, Moore, testified about a conversation he had with appellee, Roy Harrison King, on October 28, 1944 when King asked him if he still wanted the lease and he said he did and they went to the Electra State Bank where the lease for the 160 acres in question was delivered to Moore and the draft delivered to Roy Harrison King, who deposited the same to the credit of appellees. Such was done nearly two months before the expiration of the six months' period for commencing a well on Section 44, as provided for in the contract which the trial court found to be a contractual consideration and the principal consideration for the leases. The record likewise reveals that on June 18, 1945, appellant, Moore, deposited in the Electra State Bank $160 as a yearly rental payment on the 160 acres, but appellees declined to accept the rental payment for the reason that a forfeiture had previously occurred in January, 1945, according to the terms of the contract. There cannot be a novation unless a new contract is established without uncertainty. Nowhere does the evidence show with any degree of certainty the establishment of a novation by oral agreement or by circumstances and the trial court therefore properly held that appellants failed to properly plead or prove a novation or abandonment of the contract in question.

All assignments of error and the entire record have been carefully examined by us but we find no error. The judgment of the trial court is therefore affirmed.