## WATSON v. TEXAS STATE BANK OF JACKSONVILLE.

### No. 6466.

Court of Civil Appeals of Texas. Texarkana.

June 30, 1949.

342

Florence & Florence, Gilmer, for appellant.

Norman, Stone, Rounsaville & Hassell, Jacksonville, for appellee.

WILLIAMS, Justice.

C. C. Watson, a defendant below, appeals from a decree which denied his plea of privilege to be sued in Camp County, the place of his residence.

In this suit by the Texas State Bank of Jacksonville, Texas, upon a promissory note signed "Aven and McClendon Grocery Co. by John H. Aven" payable at the office of the bank, which is in Cherokee County, the plaintiff alleged that John H. Aven, W. M. McClendon and C. C. Watson, the named defendants, were partners and operating as a partnership under the name of Aven and McClendon Grocery Company and prayed for judgment on the note according to its tenor against the three named, both jointly and severally.

In appellant's verified plea of privilege to have the cause transferred to Camp County, he pleaded, omitting formal parts, "that he is not now, was not at the institution of this suit, nor at the time of service of process, nor at the time of filing of this plea, a resident of Cherokee County * * * and that no exception to the exclusive venue in the county of one's residence provided by law exists in said cause; and that this suit does not come within any of the exceptions provided by law in such cases, authorizing this suit to be brought or maintained in Cherokee County, Texas, or elsewhere outside of said Camp County."

In the controverting plea, plaintiff reiterated in effect the allegations made in the petition; that the note had been executed by defendant Aven as the act and deed of "Aven and McClendon Grocery Company," a partnership composed of the three named defendants; that the proceeds from the note were used by the partnership in the conduct of its business; that the note thus became the obligation of the partnership and each member; and by reason of the promise to perform in Cherokee County the District Court of said county had venue under Subdivision 5 of Art. 1995, R.C.S. of 1925, as amended in 1935, Vernon's Ann. Civ.St. art. 1995, subd. 5.

Under this controverting plea and plaintiff's original petition, made a part thereof, and the plea of privilege of Watson in which the litigants joined issue on venue, it is to be observed that plaintiff alleged that the three named defendants were partners doing business as Aven & McClendon Grocery Company; and that the defendant Watson did not specifically deny under oath that he was a partner in such partnership as plaintiff had so alleged. Upon the

hearing plaintiff proved the execution of the instrument sued on by J. H. Aven, one of the members of the named partnership, and introduced the note in evidence.

█ The judgment does not specify the ground for overruling the plea of privilege but the points presented in the respective briefs reflect that the trial court gave effect to the failure of Watson to deny under oath the allegations made that he was a member of the partnership. The portion of Rule 86, T.R.C.P., which deals with the plea of privilege here involved reads: "And such plea of privilege when filed shall be prima facie proof of the defendant's right to change of venue; provided that such plea shall not constitute a denial under oath of any allegations of plaintiff's petition required to be denied under oath by Rule 93 unless specifically alleged in such plea." Rule 93, T.R.C.P., provides: "Certain Pleas To Be Verified— A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit * * * (f) a denial of partnership as alleged in any pleading as to any party of the suit." This failure to deny under oath the allegation that he was a member of the partnership firm is by force of above rule equivalent to the admission of partnership and upon this theory sustains the action of the trial court. Johnson v. Dyess, Tex.Civ.App., 149 S.W. 203; Home Ins. Co. of New York v. Barbee, Tex.Civ.App., 166 S.W.2d 370; Peveto v. Smith, Tex.Civ.App., 113 S.W.2d 216; Id., 134 Tex. 308, 133 S.W.2d 572; Grayson v. Cate, Tex.Civ.App., 95 S.W.2d 194.

Plaintiff made proof of the execution of the note and its renewal, by defendant Aven in the partnership name, and introduced the note and original petition. The major part of the evidence, introduced by both litigants, dwelt upon asserted liability and non-liability of Watson such as he had bought into the partnership a year after the note had been executed and eight months subsequent to date of renewal of the note, and representations made to Watson by McClendon and Aven that the note was the personal obligation of Aven and the proceeds had been used by him individ-

ually. Evidence upon above issue whether Watson was or not a partner, was introduced without an objection. Watson contends that under the provisions of Rule 67, T.R.C.P. of Texas, when applied to above record, plaintiff has waived Watson's failure to deny under oath the alleged partnership, citing Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562, and authorities there collated.

Rule 67, supra, provides: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. * * * "

█ It clearly appears from this record that Watson introduced evidence, without objection by plaintiff, showing when and under what circumstances and agreement he had bought an interest in the partnership. However, it appears from argument in Watson's brief and statements in plaintiff's brief that prior to entry of judgment plaintiff then urged that the plea of privilege should be overruled because appellant in his pleading had not denied the alleged partnership under oath. It is stated in Harkey v. Texas Employers Ins. Ass'n, 146 Tex. 504, 208 S.W.2d 919, pages 922, 923, applicable here: "Although the complaining party does not object to the testimony on the issues but does object to their submission on some tenable ground, he cannot be regarded as impliedly consenting that they be tried when not raised by the pleadings, as contemplated by Rule 67."

█ Plaintiff did not in any wise point out by special exception that Watson in his plea of privilege had not under oath denied that he was a partner in the alleged partnership as had been alleged. Because plaintiff did not raise such alleged defect by special exception, Watson contends that under the provisions of Rule 90, T.R.C.P., of Texas, such defect in Watson's pleading was waived by plaintiff and cannot here be asserted. Rule 90, supra, provides: " * * * that every defect, omission, or fault in the pleadings, either of form or substance, which is not specifically pointed out by motion or exception in writing and

brought to the attention of the judge shall be deemed to have been waived by the party seeking reversal on such account. But we do not believe such rule is applicable here since appellees are not seeking a 'reversal' because of the insufficiency of the pleadings but they are seeking to uphold the judgment rendered by the trial court which held that the pleadings were insufficient." Lincoln v. King, Tex.Civ. App., 193 S.W.2d 437, 439, 440.

We pretermit any comment on the issue of alleged liability of Watson as an alleged partner, only the venue question being involved in this appeal.

The judgment of the trial court is affirmed.