**John Edgar TOLSON, Jr., Appellant,**

v.

**Daisy CARROLL, Appellee.**

**No. 3567.**

Court of Civil Appeals of Texas.

Waco.

May 1, 1958.

Kelly, Morris & Walker, Fort Worth, for appellant.

Gean B. Turner, Cleburne, for appellee.

McDONALD, Chief Justice.

This is a venue case. Parties will be referred to as in the Trial Court. Plaintiff sued defendant in Johnson County for damages resulting from a collision of plaintiff's and defendant's cars in Johnson County. Plaintiff alleged the collision was proximately caused by defendant's negligence in driving his car at an excessive rate of speed; failing to operate his vehicle under proper control; and failing to keep a proper lookout. Defendant filed his plea of privilege to be sued in Tom Green County, the county of his residence. Plaintiff filed a controverting affidavit to defendant's plea of privilege, material portions of which are:

"I.

"Plaintiff denies the allegations of defendant in his Plea of Privilege and says that *exceptions* to exclusive venue in the county of defendant's residence provided by law do exist in this cause, and plaintiff denies all grounds alleged in such plea made in support of defendant's effort to move this cause from Johnson County, Texas.

"II.

"Plaintiff heretofore filed her original petition wherein certain causes of action by the plaintiff hereto is alleged against the defendant, a true and correct copy of which is attached hereto, is incorporated herein by reference, and is hereby referred to, to all intents and purposes, as fully as though repeated in full herein. The allegations of said petition are true and correct. The allegations of said petition show and aver, and it is a fact, that defendant committed, within the meaning of Exception 9 to Article 1995 of Texas Revised Civil Statutes, a trespass, in Johnson County, Texas, upon the person and property of plaintiff situated in Johnson County, Texas.

"III.

"A true and exact copy of plaintiff's petition, marked Exhibit A, is attached hereto and made a part hereof. * * *"

Trial was before the court without a jury, which, after hearing, overruled defendant's plea of privilege to be sued in Tom Green County.

Defendant appeals, contending:

1) The Trial Court erred in overruling defendant's plea of privilege because plaintiff's suit is based solely upon "negligence", but plaintiff's controverting plea based the venue question solely on "trespass", in violation of Subdivision 9, Article 1995, R.C.S.

2) The Trial Court erred in overruling defendant's plea of privilege because there is no evidence that defendant committed a "trespass" in Johnson County, Texas.

Subdivision 9, Article 1995, prior to 1953, covered suits arising from both *trespass* and negligence. In 1953 the Legislature amended the Article to read as follows:

"Article 1995. Venue, general rule.

"9. Crime or trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such * *. * was committed * * *. This subdivision shall not

apply to any suit based upon negligence per se, negligence at common law, or any form of negligence, active or passive.

"9a. Negligence.—A suit based upon negligence * * * may be brought in the county where the act or omission of negligence occurred * * *. The venue facts necessary for plaintiff to establish by a preponderance of the evidence to sustain venue * * * are:

"1. That an act or omission of negligence occurred in the county where suit was filed.

"2. That such act or omission was that of the defendant * * *.

"3. That such negligence was a proximate cause of plaintiff's injuries."

■ In the case at bar the plaintiff plead a cause of action for damages based on defendant's negligence; defendant filed a plea of privilege; plaintiff filed the controverting plea supra, alleging that *exceptions* to exclusive venue in county of defendant's residence exist; incorporated her original petition, which set forth three acts of negligence on defendant's part; then plead that such petition showed that defendant committed, "*within* the meaning of Exception 9, to Article 1995 R.C.S., a trespass in Johnson County, Texas." The evidence adduced at the hearing is sufficient to substantiate acts of negligence committed by defendant proximately causing plaintiff's injuries.

Defendant (appellant) contends that since plaintiff plead Exception 9 by name instead of Exception 9a by name in her controverting affidavit, that this cause must be reversed and rendered. The real issue for determination in this case is whether or not plaintiff's controverting affidavit is sufficient to sustain the judgment of the Trial Court in overruling defendant's plea of privilege. Plaintiff plead

Subdivision 9, Article 1995, which, under the facts in the case, the pleading and the proof adduced on hearing, is inapplicable to sustain venue in Johnson County. Plaintiff, however, in addition to the foregoing, as noted, alleged in her controverting affidavit that "*exceptions* to exclusive venue in the county of defendant's residence" exist—and further plead the acts of alleged negligence on defendant's part committed in Johnson County. The proof is sufficient to sustain the acts of alleged negligence on defendant's part proximately causing the injuries complained of, in Johnson County. The Trial Court overruled defendant's plea of privilege.

Going back to the plaintiff's controverting affidavit, it shows that she did specially allege that there were *exceptions* to exclusive venue in the county of defendant's residence; then the controverting affidavit specifically alleges three separate acts of negligence proximately causing injury, in Johnson County, on defendant's part in that it attaches and makes a part thereof for all purposes plaintiff's original petition in the case. We further note that the defendant carefully refrained from filing any exception to the plaintiff's controverting affidavit, and in this appeal for the first time attacks the sufficiency of the controverting plea.

Our Supreme Court, in Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, 141 A.L.R. 50, specifically held: "*In the absence of special exception, the petition will be liberally construed in the pleader's favor and to support the judgment*". Pts. 1 and 2, 156 S.W.2d at page 515. This rule applies with equal force to pleadings involved in a plea of privilege.

■ Rule 86, Texas Rules of Civil Procedure provides that the party desiring to controvert a plea of privilege shall, within ten days, under oath, file a controverting plea, "*setting out specifically the grounds relied upon to confer venue of such cause on the court where the cause*

**134**

*is pending."* Rule 1, T.R.C.P. provides that the rules shall be given a liberal construction. Rule 90, T.R.C.P. provides that every defect, omission, or fault in a pleading which is not specifically pointed out by motion or exception in writing and brought to the attention of the trial court before rendition of a judgment in a nonjury case shall be deemed as waived by the party seeking reversal on such account. Rule 91 provides that a special exception shall point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency of the allegations in the pleadings. Such deficiency may not be raised for the first time on appeal. Texas Osage Co-op. Royalty Pool v. Kemper, Tex.Civ.App., 170 S.W.2d 849, W/E refused; Litterst v. Edmonds, Tex.Civ.App., 176 S.W.2d 342, W/E ref. NRE; Tew v. Griffith, Tex.Civ. App., 187 S.W.2d 408, W/E ref. W.M.; Thompson v. Haney, Tex.Civ.App., 191 S.W.2d 491; Strickland Transp. Co. v. Atkins, Tex.Civ.App., 223 S.W.2d 675; North Texas Tank Co. v. Pittman, Tex. Civ.App., 290 S.W.2d 724.

Moreover, both under Rule 86 and under Article 2007, R.C.S., which is the source of Rule 86, it has been repeatedly held that the grounds relied upon to confer venue which must be alleged in the controverting affidavit are: 1) statement of a cause of action, and 2) *statement of or reference to* the exception to Article 1995 relied on to sustain venue as against the party filing the plea of privilege. Crim v. Logan, Tex.Civ.App., 277 S.W.2d 298. (In this connection, Article 2007 required that the controverting plea set out specifically *the facts* relied upon to confer venue). Reverting again to the plaintiff's controverting plea, we think that same makes sufficient *statement of or reference to* Subdivision 9a, Article 1995, in the absence of a special exception. This is more especially true when considered in connection with the fact that all of the evidence adduced upon the hearing supported and referred to Subdivision 9a.

From what has been said we conclude that plaintiff's controverting affidavit, in the absence of motion or exception or pleading raising the insufficiency of such plea or pointing out its generality, is sufficient to support the Trial Court's determination of the venue issue.

Defendant's points are overruled and the judgment of the Trial Court is affirmed.

HALE, J., took no part in the consideration or disposition of this case.