Travis WARD, Appellant,

v.

Grady C. CLARK, Jr., et al., Appellees.

No. 392.

Court of Civil Appeals of Texas.

Tyler.

Nov. 21, 1968.

Rehearing Denied Jan. 9, 1969.

Moore & Holland, Willis D. Moore, Athens, for appellant.

Mitchell, Gilbert & McLean, Arthur Mitchell and Phillip W. Gilbert, Austin, and Ronald J. Herrmann, San Antonio, for appellee, Grady C. Clark, Jr.

MOORE, Justice.

This suit commenced when appellant, Travis Ward, brought suit against one Owen F. McCauley upon a promissory note in the District Court of Henderson County, Texas, in Cause No. 66–127, and filed a garnishment proceeding against Aetna Casualty and Surety Company seeking to impound certain funds which were allegedly due McCauley upon two policies of fire insurance. Shortly thereafter, Pacific Supply Cooperative also brought suit against McCauley upon an open account in said court in Cause No. 66–256 and likewise garnisheed Aetna. Aetna answered by filing a bill of interpleader in Cause No. 66–256 and depositing the insurance funds into the Registry of the Court. Aetna impleaded appellee, Grady C. Clark, Jr. and Owen F. McCauley as third party defendants, alleging that they were making a claim upon the proceeds of the insurance policy. Appellee, Grady C. Clark, Jr., replied by asserting that he was the sole owner of the property and the named insured under the policy and was therefore entitled to the funds. Thereafter, he moved for a severance upon his claim and requested a trial for the determination of ownership of the proceeds of the policy. The court granted the motion and set a date for the hearing.

After a trial before the court, sitting without a jury, judgment was rendered awarding the funds to appellee, Grady C. Clark, Jr. Appellant, Travis Ward, being dissatisfied with the judgment, perfected this appeal. None of the other parties in the court below joined in the appeal.

The facts giving rise to the controversy developed in this manner. In 1964 Grady C. Clark, Jr. was the owner of a grain storage warehouse and certain grain handling equipment situated in Athens, Texas, where he and Owen F. McCauley were engaged in the business of storing grain. Appellant Ward contacted Clark with reference to purchasing his interest in the business. By a letter dated May 18, 1964, Clark offered to sell Ward a two-thirds interest in the grain handling equipment and in a certain grain storage contract. Appellant accepted the offer. The letter contract contained this statement: "As you know McCauley owns the building and land at Athens." Unknown to appellant, this statement was false. McCauley did not own the building and land, but only had an oral contract with Clark to buy the same provided he could raise the money.

After Ward bought the two-thirds interest in the grain handling equipment, Clark authorized McCauley to use the building and equipment until he could raise the money to pay for the same. Shortly thereafter, Ward and McCauley commenced operating the grain handling facilities under a profit sharing agreement. On or about July 1, 1964, when it became apparent that McCauley would not be able to purchase the building, Clark agreed to lease him the building and his one-third interest in the grain handling equipment for a period of three years, provided McCauley would keep the building insured and install additional equipment in the building which was to become the property of Clark at the expiration of the lease. McCauley installed the equipment and secured a policy of insurance with Aetna Casualty and Surety Company, naming both him and Clark as the insureds. By agreement, a loss payable clause was inserted in favor of the First National Bank of Athens to cover a $9,500.00 loan which McCauley had borrowed to install the additional equipment. McCauley and Ward continued to operate the business under the profit sharing agreement until June, 1965, at which time they mutually agreed to terminate their agreement. Ward sold his two-thirds interest in the equipment to McCauley for $8,500.00, taking McCauley's promissory note in that amount. Thereafter, McCauley continued to operate the business alone until the same was destroyed by fire in April, 1966.

After the fire, appellant Ward sued McCauley on the note and garnisheed the funds and the present dispute as to the ownership of the funds arose. Appellee Clark claimed all of the funds deposited by Aetna. McCauley disclaimed any interest in the proceeds of the policy covering the building and requested only that the court determine the rightful owner of the proceeds of the policy covering the personal property. In response to these pleadings, appellant neither denied that Clark was the rightful owner of the funds nor did he allege that McCauley was the rightful owner of the funds. He merely requested a stay of the ownership proceedings pending the outcome of his suit against McCauley upon his note. While his pleadings did not allege that Clark was estopped to claim the proceeds of the insurance policies, appellant testified at the trial that Clark misled him by representing to him that McCauley was the owner of the building and the land and had he known that McCauley did not own the building and the land, he would not have purchased Clark's two-thirds interest in the equipment. He thus took the position that he was prejudiced by the false representation because he would be unable to collect his debt against McCauley personally.

The trial court filed findings of fact and conclusions of law finding that the statement which Clark made to Ward with reference to the ownership of the building was false but refused to find that Ward relied thereon or suffered any injury thereby.

■ By a single point of error, appellant asserts that the trial court erred in awarding the insurance funds to appellee Clark because Clark was estopped to assert ownership of the funds. We have concluded that the point is without merit.

As stated before, appellant did not plead estoppel as an affirmative defense as required by Rule 94, Texas Rules of Civil Procedure. Consequently, appellant could not rely upon such defense unless it can be said that the issue of estoppel was tried by consent. While it is undisputed that appellee Clark did not file a formal exception to the appellant's pleading or object to any of the evidence offered by appellant with reference to estoppel, Clark denies that the issue was tried by consent.

Under the circumstances we do not believe that it can be said that the issue was tried by consent. Rule 90 of the Texas Rules of Civil Procedure provides in effect that defects in pleadings will not be deemed to have been waived, provided the defect is brought to the attention of the trial court

prior to the submission of the cause to the court or jury.

■ The record reveals that at the conclusion of the evidence appellee made a motion for an instructed verdict and also moved for judgment. While neither of the motions specifically pointed out the fact that appellant's pleadings failed to raise the issue of estoppel, since the trial court granted judgment in favor of appellee, it must be presumed that the motions were sufficient to call the court's attention thereto and that such defect in appellant's pleadings constituted the basis of the judgment in favor of appellee. Stephens v. Lott, (Tex.Civ.App.) 339 S.W.2d 405; Gulf States Equipment Company v. Toombs, (Tex.Civ.App.) 317 S.W.2d 554.

■ We recognize that Rule 90, supra, provides that " * * * Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge * * * shall be deemed to have been waived by the party seeking *reversal* on such account; * * * " (Emphasis supplied.) But we do not believe the rule is applicable here because appellee is not seeking a "reversal" because of insufficiency of the pleadings, but seeks to uphold the judgment which presumably held that the pleadings were insufficient. Lincoln v. King, (Tex.Civ.App.) 193 S.W.2d 437; Watson v. Texas State Bank of Jacksonville, (Tex.Civ.App.) 222 S.W.2d 341; Butler, Williams & Jones v. Goodrich, (Tex. Civ.App.) 306 S.W.2d 798. We thus believe that appellant's contention is without merit.

■ While further discussion would be superfluous, we might add that as a general rule " * * * No such estoppel can arise without proof of wrong on one side, and injury suffered or apprehended on the other, nor unless the injury be so clearly connected with the wrong, that it might and ought to have been foreseen by the guilty party * * * 'When no injury re-

sults from a misrepresentation, its decision belongs to the forum of morals, and not to the judicial tribunals.' * * * " Scoby v. Sweatt, 28 Tex. 731; Masterson v. Little, 75 Tex. 682, 13 S.W. 154; American National Insurance Company v. Allen, (Tex. Civ.App.) 1963, 370 S.W.2d 140, reversed on other grounds, 380 S.W.2d 604. As we view the evidence, the proof fails to show any substantial relationship between the alleged wrong and the alleged injury suffered or apprehended by appellant.

The judgment of the trial court is affirmed.