D. H. LEWTER, d/b/a Westwood Day School, Appellant,

v.

DALLAS COUNTY, Appellee.

No. 5459.

Court of Civil Appeals of Texas, Waco.

June 5, 1975.

Rehearing Denied July 10, 1975.

a suit for damage against Dallas County for 1) trespass, and for 2) taking of plaintiff's private property for public use.

Plaintiff sued Dallas County (and the City of Irving)[1] alleging defendants did construction work on West Shady Grove Road adjacent to and abutting plaintiff's property; that defendants "have taken for public use and constructed a concrete and asphalt sidewalk along the south 7.5 feet of plaintiff's property 120.5 feet in length; that such sidewalk is for the use and benefit of the general public; located entirely on plaintiff's property, that plaintiff has never been compensated for such property; that such taking of property for public use without compensation is in violation of law; and that plaintiff is entitled to damages for trespass as well as reasonable compensation for the taking".

Defendant Dallas County answered among other matters that "County claims no interest in the property and plaintiff is free to use his property in any way he wishes and may even remove any concrete or asphalt he wishes to remove".

Dallas County filed motion for Summary Judgment and Amended Motion for summary judgment that plaintiff take nothing asserting that under the undisputed facts there had been no taking of plaintiff's property as a matter of law, and that plaintiff had not given defendant required notice of his claim.

The trial court rendered summary judgment plaintiff take nothing.

Plaintiff appeals on one point. "The trial court erred in granting summary judgment for the defendant County of Dallas".

Firm of Larry S. Parnass by H. Frank Tripp, Irving, for appellant.

Henry Wade, Dist. Atty., Edward R. Blackstone, Asst. Dist. Atty., Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Lewter from summary judgment he take nothing in

The record on summary judgment consists of the pleadings, the motions for summary judgment, plaintiff's answer to motions for summary judgment, plaintiff's wife's affidavit that Dallas County or its

---

1. The City of Irving is not involved on this appeal.

agents caused to be placed a concrete and asphalt sidewalk 7.5 feet along plaintiff's property 120.5 feet in length; that such has been used by the general public and plaintiff has been deprived of the use of his strip of property; and that plaintiff did not authorize Dallas County or anyone else to construct the sidewalk, nor has plaintiff ever dedicated such land to public use.

Defendant Dallas County filed no affidavit or other summary judgment evidence.

Defendant asserts in its brief that plaintiff has not stated a cause of action because his petition 1) did not allege compliance with Article 1573 Vernon's Ann.Tex.Civ.St.,[2] and 2) did not 'allege that the Commissioners' Court of Dallas County intended to or claimed to exercise the power of the County to take plaintiff's property for public use. Defendant further asserts it disclaimed any interest in the property in its answer.

Rule 90 Texas Rules of Civil Procedure provides that every defect, omission or fault in a pleading either of form or substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the trial court * * * shall be deemed as waived * * *. Rule 91 provides that a special exception shall point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality or other insufficiency in the pleading excepted to.

■ Defendant filed no exceptions to plaintiff's pleading pointing up plaintiff's omission in not alleging compliance with Article 1573 V.A.T.S., and in not alleging the Commissioners' Court of Dallas County intended to or claimed to exercise the power of the County to take plaintiff's property for public use.

Defendant thus waived the right to have plaintiff so plead and such deficiencies may not be raised for the first time on appeal. *Tolson v. Carroll,* Tex.Civ.App., NWH, 313 S.W.2d 131.

■ In the absence of special exceptions plaintiff's pleading is sufficient to plead both a cause of action for damages for trespass, and for the taking of plaintiff's property for public use.

■ Defendant's answer disclaiming any present interest in the property does in no way negate plaintiff's cause of action for trespass.

Defendant's motion for summary judgment did not meet plaintiff's case as plead. *Torres v. Western Casualty & Surety Co.,* Tex.S.Ct., 457 S.W.2d 50; *Mechthilde Hebert & Earl D. Hebert, v. Continental Land Corp., et al.,* Tex.Civ.App., NWH, 513 S.W.2d 948; and the reasons to affirm advanced by defendant in its brief have been waived by its failure to except to plaintiff's pleading as required by Rules 90 and 91 T.R.C.P.

■ Summary judgment should not be granted, and if granted should be affirmed only if the summary judgment proof establishes a right thereto as a matter of law. *Gibbs v. General Motors Corp.,* Tex.S.Ct., 450 S.W.2d 827. All burdens are on the movant. *Swilley v. Hughes,* Tex.S.Ct., 488 S.W.2d 64. The party opposing the motion for summary judgment is not required to establish his right to prevail. *Glenn v. Prestegord,* Tex.S.Ct., 456 S.W.2d 901.

Defendant did not establish its entitlement to summary judgment that plaintiff take nothing.

Plaintiff's point is sustained.

Reversed and remanded.

## ON REHEARING

■ Appellee, defendant County of Dallas on Motion for Rehearing contends this

---

2. Article 1573 provides no county shall be sued unless the claim on which suit is brought is first presented to the Commissioners' Court, and such Court neglects or refuses to allow same.

court erred in applying Rule 90 T.R.C.P.; that Rule 90 applies only to a party seeking a reversal, and not to a party seeking to uphold a judgment which presumably held that pleadings were insufficient; and cites *Ward v. Clark,* Tex.Civ.App., NWH, 435 S.W.2d 621; *Butler, Williams & Jones v. Goodrich,* Tex.Civ.App., NRE, 306 S.W.2d 798; *Lincoln v. King,* Tex.Civ.App., NWH, 193 S.W.2d 437, and *Goodman v. Art Reproduction Corp.,* Tex.Civ.App., NRE, 502 S.W.2d 592; as controlling.

We reject such contention. Insufficiency of pleading cannot be raised for the first time on appeal. *Sherman v. Provident American Ins. Co.,* Tex.S.Ct., 421 S.W.2d 652; *Bednarz v. State,* 142 Tex. 138, 176 S.W.2d 562; *Texas Dept. of Corrections v. Herring,* Tex.S.Ct., 513 S.W.2d 6.

Herring, *supra,* is directly in point to the factual situation in the case at bar, and expressly holds that the protective features of special exception procedure should not be circumvented by a motion for summary judgment on the pleadings, and that to do so would revive the general demurrer discarded by Rule 90, T.R.C.P. *Swilley v. Hughes,* Tex.S.Ct., 488 S.W.2d 64, cited in original opinion is to the same effect.

Motion for rehearing overruled.