**Ethel MOORE, Appellant,**

v.

**Graceil Proctor DOUGLAS, Appellee.**

**No. 6116.**

Court of Civil Appeals of Texas, Waco.

Nov. 8, 1979.

Rehearing Denied Nov. 29, 1979.

Joe E. Griffith, Crockett, for appellant.

Joe B. Phillips, Aloysius M. Wickliff, Houston, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an heirship proceeding arising from an allegation of adoption by estoppel. At stake is the estate of George and Addie Proctor, deceased. Appellee is the allegedly adoptive daughter of the Proctors; appellant and other defendants in the trial court are relatives of the Proctors.

Trial was to the court which rendered judgment finding appellee "Graceil Proctor Douglas was adopted by the deceased Addie Proctor and George Proctor, deceased, said adoption being adoption by estoppel"; and decreeing appellee the sole and only heir of Addie and George Proctor, deceased, and entitled to 100% interest in their estates.

Mrs. Ethel Moore, a niece of George Proctor, appeals on 4 points which we summarize as 2 principal contentions.

Contention 1 asserts the trial court erred in admitting over appellant's objection evidence of any alleged contract to adopt appellee by George and Addie Proctor for the reason there were no pleadings to support admission of such evidence.

Appellee's pleading alleged:

"That there were during the lifetime of Addie Proctor and George Proctor, deceased, no children or natural issue born to them. However, your petitioner, Graceil Proctor Douglas, was adopted by the deceased, Addie Proctor and George Proctor, deceased, said adoption being by estoppel. The petitioner began to live with the deceased and her husband George Proctor, deceased, on approximately her third birthday and continued to live with the deceased and her husband during her entire lifetime up to her completing her college education in Crockett, Texas, at approximately the age of 21 years. During the 18 years that she lived with the deceased and her husband, George Proctor, deceased, she considered them her mother and father, and was cared for by them as their own daughter, and was recognized by them as their daughter, and was known in the community as the daughter of Addie and George Proctor. The said petitioner Graceil Proctor Douglas was for all intents and purposes the daughter of Addie Proctor, deceased, and her husband George Proctor, deceased, as if she had been born to them as their natural daughter. George and Addie Proctor paid all the school expenses for Graceil Proctor Douglas".

No exceptions were levelled at appellee's pleadings and we hold that same are ample to support the admission of evidence of contract or agreement by Addie and George Proctor to adopt appellee. In the absence of special exceptions the petition will be liberally construed in the pleader's favor and in support of the judgment. *Scott v. Gardner,* 137 Tex. 628, 156 S.W.2d 513; *Tolson v. Carroll,* (Waco, Tex.Civ.App.) NWH, 313 S.W.2d 131; *Lowther v. Lowther,* (Waco, Tex.Civ.App.) NRE, 578 S.W.2d 560; Rule 90 TRCP. And insufficiency of a pleading cannot be raised for the first time on appeal. *Sherman v. Provident American Ins. Co.,* Tex., 421 S.W.2d 652; *Lewter v. Dallas County,* (Waco, Tex.Civ.App.) NRE, 525 S.W.2d 885.

Moreover, appellee's pleadings give fair and adequate notice to the adversary and are sufficient for this reason. *Stone v. Lawyers Title Ins. Corp.,* Tex., 554 S.W.2d 183; *K. W. S. Manufacturing Co., Inc. v. McMahon,* (Waco, Tex.Civ.App.) NRE, 565 S.W.2d 368.

Contention 2 asserts the trial court erred in declaring appellee to be the equitably adopted daughter of George and Addie Proctor because appellee failed to prove a contract to adopt and reliance thereon.

Lula Thomas, a sister of Addie Proctor testified she knew George and Addie Proc-

tor 50 years or more; lived near them; visited them frequently; that after 1936 Graceil Proctor was staying in the home of George and Addie Proctor; that Addie and George said "Graceil's mother and daddy let her have her and [we] was going to adopt her"; George and Addie had no other children; she called them mama and daddy and they called her daughter. She started to school at age 6 under the name of Graceil Proctor; George and Addie bought her food, clothing and school supplies and carried her to school; and sent her to college after she finished high school and paid for her college education; when Addie was old and got down and sick and disabled Graceil took care of her; when George got sick and down Graceil paid George Johnson, a nephew, to look after him.

Willis Baker, a preacher, testified he had known Addie and George Proctor all his life, that they took Graceil with them wherever they went; and said Graceil was their daughter; they called her daughter and she called them mother and dad; they were all at church together many times; they introduced Graceil as their daughter; put her through school and college; that when Addie became ill Graceil took her to Houston and looked after her; that when George became disabled Graceil cared for him; that until the instant case came up he thought Graceil was their natural daughter.

J. G. Oliver, a retired school principal, testified he knew Mr. and Mrs. George Proctor; that they called Graceil daughter and she called them daddy and mother; he identified report cards of Graceil Proctor; said the Proctors attended her graduation; that the Proctors sent her on to college, he making out her transcript; that he didn't know she was not their natural child; that George Proctor was close with his money, but was very liberal with Graceil.

Mrs. Otis Brewer, testified she had the store and post office; had known Addie and George all her life; they visited the store and post office twice a week; and brought Graceil with them; that they referred to Graceil as their little girl—their daughter; that Graceil referred to them as mother and

daddy; that Graceil went through high school and college and Addie and George Proctor paid for it; that she made out money orders many times for George and Addie to send Graceil money for clothes, tuition, school supplies when she was in college; that Graceil cared for Addie when she was disabled and in poor health; and Graceil and George Johnson cared for George when he became disabled.

George Johnson testified he had known Addie and George Proctor all of his life and had known Graceil since she was born; that she came to live with the Proctors when she was 3; that he is Graceil's uncle; that he carried Graceil to Addie and George's home from her parents; that her parents said "take Graceil to Aunt Addie's" * * "she wanted her for her daughter" * * * "that Addie and George Proctor wanted Graceil as their child"; that Graceil's [stepfather] said "take the child over to the Proctors as their child"; that the Proctors received her and "grabbed the girl in their arms and said this is my child"; that she stayed with them until their death; that Addie died in Graceil's house; that Graceil claimed Addie and George were her parents; that the Proctors paid her way through school and college; and claimed to the neighbors and to everybody that Graceil was their child; that it was accepted in the community Graceil was their child; and nobody ever questioned that Graceil was their child until the instant case; that Graceil took care of George and Addie when they became old and disabled, cooked for them, "beared lots of expenses for them; that Addie died in Graceil's house".

Lillian Cregg testified she had known George and Addie Proctor 37 years; lived near them and visited in their home; that Graceil was there and they called her daughter and she called them mama and papa; they brought her to church; introduced her as their daughter; that the whole community understood Graceil was their daughter—"their adopted daughter"; that they sent her to school and college; that when they became disabled Graceil brought food, clothes and paid for transportation to

the doctor—"whatever was necessary to be done".

Robert Gilmore, a neighbor, testified he had known the Proctors since 1914; that he visited in their home; that they visited in his home; that Graceil was in their home; they called her daughter; she called them mother and daddy; that they took Graceil to church; put her through school and college; and paid for "everything"; that she waited on Addie and George when they got old; worked herself down; took Addie into her home; and paid George Johnson to look after George; that George depended on and leaned heavily on Graceil.

Herbert Phillips, husband of Maggie Phillips, testified he had known Addie and George Proctor since he was big enough to know; that he was stepfather of Graceil and his wife Maggie was mother of Graceil; that the Proctors asked he and Maggie to give Graceil to them; that he and Maggie talked it over and "we decided to give Graceil to Mr. and Mrs. Proctor"; to give her permanently to them; gave her up forever; "for them their child to raise"; that he had 5 or 6 conversations with the Proctors "about whether they were to adopt the child" * *; that "they said they were going to adopt the child"; that Graceil went by the name of Proctor; never by the name of Phillips; that Mrs. Proctor was his wife's aunt; that "[George] wanted the child because he didn't have no child"; and that "we gave Graceil over to George and Addie Proctor"; that "we had an agreement".

Graceil Proctor Douglas testified she was born in 1933; that Mr. and Mrs. George Proctor raised her from a little girl about 3 years old; that they paid all her bills; that she graduated from high school and college as Graceil Proctor; that she gave them the love and affection a child gives a parent; that she relied on the daughter relationship; relied on the fact she believed she was the Proctors' daughter in giving them services and treating them with love and affection; that they told her "they wanted to adopt her as their daughter"; that she cared for Addie in her last illness; washed, ironed, cooked, cleaned and cared for her as she would a baby; that she took her to Houston to live in her home; that she wanted to take George but he wouldn't go; that she paid George Johnson to take care of him; that she relied on the daughter relationship she had with them in rendering services to them.

We think there is evidence to support the trial court's implied finding of an agreement on the part of Addie and George Proctor to adopt Graceil; and that there is evidence that Graceil relied on such agreement, lived with them and accorded them the natural love and affection and services a child would toward her natural parent. There is evidence of an agreement to adopt and the establishment of a family relationship pursuant thereto. *Malone v. Dixon,* (Eastland, Tex.Civ.App.) NRE, 410 S.W.2d 278; *Ramsay v. Lane,* (1 Houston, Tex.Civ. App.) NRE, 507 S.W.2d 905; *Deveroex v. Nelson,* (14 Houston, Tex.Civ.App.) 517 S.W.2d 658; affirmed Tex., 529 S.W.2d 510; *Cavanaugh v. Davis,* 149 Tex. 573, 235 S.W.2d 972.

All appellant's points are overruled.

AFFIRMED.