

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00260-CV

**STEVEN DAHL,**

**Appellant**

**v.**

**WARREN DAHL and TERRI R. DAHL,**

**Appellees**

**From the 220th District Court
Bosque County, Texas
Trial Court No. CV 18277**

## MEMORANDUM OPINION

This case involves a dispute between cousins as to which of them under competing claims of ownership is entitled to current possession of a house, smoke house, and garage ("the property") situated on a 188-acre tract of land in Bosque County, Texas. In two issues, appellant, Steven Dahl ("Steven"), challenges the judgment of the trial court, which grants ownership in fee simple to appellees, Warren Dahl and Terri R. Dahl ("Warren" and "Terri"). Specifically, Steven alleges that: (1) the trial court's judgment

does not comport with Warren and Terri's pleadings; and (2) Warren and Terri are not entitled to the property in fee simple based on Steven's breach of an alleged condition precedent to securing his interest. We affirm.

## Factual & Procedural Background

Warren and Terri drafted and entered into a sales agreement with Steven's parents, B.I. and Vivian Dahl, who owned the property in question. The agreement memorialized the price that Warren and Terri agreed to pay for the property and noted the following:

> Warren and Terri R. Dahl agree to B.I. or Vivian Dahl maintaining possession of the house, smoke house and garage as longs [sic] as they want to live there. Warren and Terri R. Dahl also agree to allow Steven Dahl possession of the house, smoke house and garage as long as he wants to live there. However, the decision for Steven Dahl to maintain possession of the house, smoke house and garage will be made at the time B.I. or Vivian Dahl no longer need possession of the house, smoke house and garage.

> While the house, smoke house and garage are in the possession of B.I. or Vivian Dahl and/or Steven Dahl, Warren or Terri R. Dahl are not responsible for the payment of insurance, utilities and property tax for the house, smoke house and garage.

The parties signed the agreement on September 21, 2014, but Steven was never informed of its existence. B.I. and Vivian then conveyed the property to Warren and Terri by warranty deed with no reservations on October 16, 2014. Cen-Tex Title, who had no knowledge of the aforementioned sales agreement, recorded the deed with the County Clerk of Bosque County.

Terri's testimony at trial indicated that Steven moved in with his parents from out of state sometime in October of 2015. Terri testified that Steven was serving as a caregiver to his parents, who maintained full possession of the property under Warren and Terri's management. B.I. passed away in 2017, and Vivian passed away shortly thereafter in early 2018. Steven continued to live on the property after his parents' deaths, and Warren and Terri filed suit for declaratory relief to regain possession of the property.

In their live pleading, Warren and Terri asked the trial court to declare the following:

1. Defendant's interest has lapsed by virtue of his failure to perform upkeep on the property and to pay taxes and insurance;

2. Plaintiffs are the sole owners of the property;

3. Plaintiff be awarded costs and reasonable and necessary attorney's fees; and

4. Any other relief that is just.

Warren and Terri also incorporated the warranty deed into the pleading and attached it as an exhibit.

After a bench trial, the trial court determined that the agreement did not create a life estate in Steven. In the alternative, the trial court concluded that even if the agreement created a life estate in Steven, the warranty deed superseded the agreement such that Warren and Terri are 100% owners in fee simple of the property. This appeal followed.

**Issue One**

In his first issue, Steven contends that the trial court's judgment is not supported by Warren and Terri's pleadings.

APPLICABLE LAW

A court's jurisdiction to render judgment is invoked by the pleadings, and a judgment unsupported by the pleadings is void. *See Holden v. Holden*, 456 S.W.3d 642, 650 (Tex. App.—Tyler 2015, no pet.) (internal citation omitted). Therefore, a trial court's judgment must conform to the pleadings. *See id.*; *see also* TEX. R. CIV. P. 301. In determining whether the judgment conforms to the pleadings, reviewing courts must view the pleadings as a whole. *See Moran v. Williamson*, 498 S.W.3d 85, 93 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) ("A general prayer for relief will support any relief raised by the evidence that is consistent with the allegations and causes of action stated in the petition."). In the absence of special exceptions, petitions will be liberally construed in the pleader's favor and in support of the judgment. *See Moore v. Douglas*, 589 S.W.2d 862, 862 (Tex. App.—Waco 1979, writ ref'd n.r.e.) (internal citations omitted).

An exception to the general pleading requirement arises when unpleaded issues are tried by the express or implied consent of the parties. *See* TEX. R. CIV. P. 67; *see also Libhart v. Copeland*, 949 S.W.2d 783, 797 (Tex. App.—Waco 1997, no writ) (observing that when issues not raised by the pleadings are tried by consent, they must be treated in all respects as if they had been raised in pleadings). But the "trial by consent" doctrine is to be applied only in "those exceptional cases" where it clearly appears from the record as

a whole that the parties tried an unpleaded issue by consent. *See Stephanz v. Laird*, 846 S.W.2d 895, 901 (Tex. App.—Houston [1st Dist.] 1993, writ denied). Thus, reviewing courts must examine the record not for evidence of the issue, but for evidence of *trial* of the issue. *See id.*; *see also Libhart*, 949 S.W.2d at 797 (internal citation omitted).

An issue is tried by consent whenever evidence on the issue is developed during trial without objection under circumstances indicating that both parties understood that the issue was being contested. *See Ingram v. Deere*, 288 S.W.3d 886, 893 (Tex. 2009). An issue is not tried by consent when the evidence relevant to the unpleaded issue is also relevant to a pleaded issue because admitting that evidence would not be calculated to elicit an objection from counsel. *See Adeleye v. Driscal*, 544 S.W.3d 467, 484 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Ultimately, the trial court has broad discretion to determine whether an unpleaded issue was tried by consent. *See Hampden Corp. v. Remark, Inc.*, 331 S.W.3d 489, 495 (Tex. App.—Dallas 2010, pet. denied) (internal citations omitted).

ANALYSIS

The record as a whole shows that the parties understood that the issue of whether the agreement created a life estate in Steven was being tried. From the outset, Warren and Terri's trial counsel characterized Steven as a "squatter" and established through Terri's testimony that Warren and Terri never intended to grant Steven a life estate in the property. On the other hand, Steven's trial counsel insisted that the agreement provided

Steven something in the nature of a life estate and asked the court to recognize as much. Importantly, Steven's trial counsel never objected to the introduction of evidence which contradicted the creation of a life estate in Steven. *See Ingram*, 288 S.W.3d at 893 ("When both parties present evidence on an issue and the issue is developed during trial *without objection*, any defects in the pleadings are cured at trial, and the defects are waived.") (emphasis added).

Furthermore, the evidence presented at trial disputing Steven's life estate interest was not relevant to the pleaded issue of nonperformance of a condition precedent. Indeed, Warren and Terri's petition included a prayer for the trial court to declare them "sole owners of the property," but we agree with Steven's argument on appeal that this request for relief is contingent upon Warren and Terri's first request (i.e., that the trial court declare that Steven's interest has lapsed by virtue of his failure to perform upkeep on the property and to pay taxes and insurance). To hold otherwise would be to render the prayer for general relief inconsistent with the substance of the allegations made in Warren and Terri's petition. *See Raymond v. Raymond*, 190 S.W.3d 77, 83 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (explaining that appellate courts should view pleadings as a whole).

Therefore, although not pleaded by either party, we conclude that the issue of the life estate was tried by consent without objection. Trial by consent cures the lack of

pleadings. *See* TEX. R. CIV. P. 67; *see also Libhart*, 949 S.W.2d at 901. Accordingly, we overrule Steven's first issue.

## Issue Two

In his second issue, Steven contends that Warren and Terri are not entitled to the property in fee simple following Steven's alleged breach of a condition precedent contained in the sales agreement. In fact, Steven argues that the agreement did not create a condition precedent at all. Without reaching the merits, we observe that Steven's issue is premised on a finding that he had a life estate in the property. The trial court determined that Steven did not have a life estate in the property, and other than the challenge raised in his first issue, Steven does not attack the trial court's life estate finding. Therefore, whether Steven's interest in the property lapsed due to nonperformance of a condition precedent is immaterial. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 506 (Tex. 2018) (noting that a finding is immaterial when, among other things, it has been rendered immaterial by other findings). As such, we overrule Steven's second issue.

## Conclusion

We affirm the judgment of the trial court.


MATT JOHNSON
Justice


Before Chief Justice Gray,

Justice Johnson, and
Justice Smith
(Chief Justice Gray dissenting)
Affirmed
Opinion delivered and filed December 1, 2021
[CV06]

